**Rebecca L. ROSA, as Personal Representative of Michael Rosa, Deceased, Plaintiff,**

v.

**Ed CANTRELL, Matt Bider, James Callas, and The City of Rock Springs, Defendants.**

**No. C80–207K.**

United States District Court, D. Wyoming.

Feb. 26, 1981.

---

George A. Zunker and Franklin J. Smith, Cheyenne, Wyo., for plaintiff.

William K. Ris, Denver, Colo., and James E. Fitzgerald, Cheyenne, Wyo., for defendant Cantrell.

## ORDER GRANTING MOTION TO QUASH AND MOTION TO DISMISS WRONGFUL DEATH CLAIM

*(With Findings)*

KERR, District Judge.

The above-entitled matter coming on regularly for hearing before the Court upon defendant Cantrell's Motions to Quash and to Dismiss Count One of the Complaint, and the Court having heard the arguments of counsel in support of and in opposition to said motions, and having carefully considered the pleadings and the memoranda submitted by counsel, and being fully advised in the premises;

FINDS that Count One of the Complaint fails to state a claim upon which relief may be granted because it is barred by the statute of limitations, § 1–38–102(d) and Rule 3(b) of the Wyoming Rules of Civil Procedure. Count One of the Complaint alleges a wrongful death action. Jurisdiction is based upon diversity of citizenship and the requisite jurisdictional amount. On July 15, 1978, undercover agent Michael Rosa was shot and killed by Cantrell. Rebecca Rosa, decedent's widow, brought this action seeking one million dollars in damages for the death of her husband.

*Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny require this Court to apply the law of the State of Wyoming in a wrongful death case. The statute of limitations time period to file a wrongful death claim is two years from the date the cause of action accrued. The Complaint was filed on July 14, 1980, one day before the two year period had ended. See Wyo.Stat. § 1–38–102(d).

In addition to the actual statute of limitations, Rule 3(b) of the Wyoming Rules of Civil Procedure provides additional requirements for the commencement of an action. Ordinarily, an action is commenced for statute of limitations purposes upon the filing of the complaint and Rule 3 of the Wyoming Rules of Civil Procedure and the Federal Rules of Civil Procedure so provide. However, Rule 3(b) of the Wyoming Rules

of Civil Procedure requires that the complaint be served within 60 days from the date of filing. If the complaint is not served within 60 days, the action is deemed to be commenced on the date of service.

Wyoming Rule of Civil Procedure 4(d) requires that personal service is effected "by delivery of a copy of the summons and of the complaint to him personally, or by leaving copies thereof at his dwelling house or usual place of abode ..."

In the case at bar, service was attempted on September 4, 1980. The Complaint and Summons were served on Norma Cantrell, the defendant's estranged wife, in Rock Springs, Wyoming at 938 Truman Street. In an affidavit filed with this Court, Mrs. Cantrell stated that Ed Cantrell did not reside at 938 Truman Street, nor was said residence his usual place of abode. Another affidavit by Kellie Erickson, filed with this Court, states that the residence at 938 Truman Street is not owned by either Ed or Norma Cantrell.

■ Each step of Rule 4 is jurisdictional. The failure of any portion of the rule prevents this Court from securing jurisdiction over the defendant. See *Emery v. Emery*, 404 P.2d 745 (Wyo.1965).

■ This Court holds that the attempted service on September 4, 1980 was void and the Motion to Quash is hereby granted.

Counsel argues that *Clause v. Columbia Savings and Loan Association*, 16 Wyo. 450, 95 P. 54 (1908) can "resurrect" this Court's jurisdiction over Count I of the Complaint. Counsel further argues that a decision based on the statute of limitations is not a decision on the merits. Such a position is untenable. See *Hildebrand v. Dart Industries, Inc.*, 640 F.2d 289 (10th Cir. 1980). Wyoming Statute § 1–3–118 allows a plaintiff to commence a new action within one year if the case is terminated other than on the merits.

The *Clause* case is distinguishable from the current action because, under the facts established by the affidavits, the defect in the service is sufficient to deprive this Court of jurisdiction. The *Clause* case dealt with the operation of the Statute § 1–3–118 in connection with faulty service. There the court permitted the filing of the new action pursuant to the statute. The court noted, however, that the imperfection in the service was not sufficient to be jurisdictional. In *Clause*, the court held that service by the coroner was improper and the service was quashed. In the current action, the service was not at the defendant's residence or usual place of abode as required by Wyoming Rules of Civil Procedure 4(d). Such an imperfection is jurisdictional and is more significant than service by the wrong party as occurred in the *Clause* case. Here, the defendant had no notice of the lawsuit against him.

Counsel would have this Court adopt the substantive statute of limitations but not follow the Wyoming procedural law found in Wyoming Rule of Civil Procedure 3(b). Such a position is unsupportable in light of the Supreme Court decision in *Erie*, supra, and in *Walker v. Armco*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). In the latter case, the court was considering an Oklahoma statute of limitations and a 60 day service requirement on all fours with the present case. The court held that the diversity action was barred by the statute of limitations. In reaching its decision, the court reviewed the history of cases dealing with the question of, "whether state or federal law should apply on various issues arising in an action based on state law which has been brought in federal court under diversity of citizenship ..."

The landmark case of *Erie*, supra, held that in diversity cases the law of the appropriate state was to be applied by the court. *Ragan v. Merchants Transfer and Warehouse Co.*, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) stood for the proposition that in a case where the action would be barred in state court under the state statute of limitations and civil procedure but would not be barred under the federal rules, the state statute would be applicable and the claims would be barred. In *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the court held that the Federal

Rule is the standard of determination for when the action is commenced. Although *Hanna* did not expressly overrule *Ragan*, the test established by *Hanna*, "whether the difference between the Federal and State rules "would be of scant, if any, relevance to the choice of a forum", was the guiding principle for many federal courts." See *Grabowski v. United States*, 294 F.Supp. 421 (D.C.1968). *Hanna* was not the final pronouncement in this difficult area. In June of 1980, the Supreme Court decided *Walker*, supra. The facts in *Walker* are similar to the current action. In *Walker*, as noted above, the court considered an Oklahoma statute that provided an action can be commenced by the filing of a complaint if the defendant is served within 60 days, even though the service is outside of the limitations period. The court held that the action was barred by the Oklahoma statute of limitations and that, in diversity actions, Rule 3 of the Federal Rules of Civil Procedure controls for timing purposes under the Federal Rules but state statutes of limitations are not affected. The court specifically reserved the issue of federal question cases and made it clear that *Walker* was concerned with diversity cases only. See footnote 11, 100 S.Ct. at 1985.

This Court finds the reasoning of *Walker* to be persuasive. In the current action, the defendant was served 94 days after the Complaint was filed. The sequence of events was as follows:

(1) Cause of action accrued July 14, 1980 upon the death of Michael Rosa.

(2) Complaint filed July 14, 1980, one day before the end of the 2 year statute of limitations period.

(3) Attempted service—September 4, 1980; this Court holds service is inadequate and defective and, therefore, this Court is without jurisdiction.

(4) Actual service sufficient to give this Court jurisdiction—October 17, 1980, some 94 days after the Complaint was filed.

Under Wyoming Rule of Civil Procedure 3(b), the date of the commencement of the action is October 17, 1980. Therefore, Count I of the Complaint, wrongful death, is barred by the Wyoming Statute of Limitations.

NOW, THEREFORE, IT IS

ORDERED that the Motion to Dismiss Count I of the Complaint, wrongful death, filed by and on behalf of the defendant Cantrell be and the same is hereby granted; it is

FURTHER ORDERED that the Motion to Quash filed by and on behalf of the defendant Cantrell be and the same is hereby granted.