**Jarris R. HAMMONS, Plaintiff,**

**v.**

**INTERNATIONAL PLAYTEX, INC., a corporation, Defendant.**

**No. C87–0235–B.**

United States District Court,
D. Wyoming.

Jan. 14, 1988.

Larry G. Grubbs, Sandall, Cavan, Smith & Grubbs, Billings, Mont., for plaintiff.

Dan B. Riggs, Thomas J. Klepperich, Lonabaugh & Riggs, Sheridan, Wyo., for defendant.

## ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR ENLARGEMENT OF TIME

BRIMMER, Chief Judge.

This matter came before the Court on defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The Court, having reviewed the pleadings and being fully advised in the premises, FINDS and ORDERS as follows:

This is an action for personal injuries resulting from the plaintiff's use of Playtex tampons. The underlying causes of action are based on Wyoming law. Federal jurisdiction is predicated upon diversity of citizenship. The defendant now moves to dismiss, arguing that the statute of limitations bars the action. The issue is whether in a diversity action this Court must apply Rule 3(b) of the Wyoming Rules of Civil Procedure (hereinafter "Wyoming Rule 3(b)") in determining whether a complaint is barred by the statute of limitations. The Court concludes that the statute of limitations must be read in connection with Wyoming Rule 3(b), that this case was not commenced within the prescribed time, that the action accordingly is time-barred, and that the motion to dismiss must therefore be granted.

Personal injury actions must be commenced within four years after the cause of action accrues. Wyo.Stat. § 1–3–105(a)(iv)(C) (1977); *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334, 337 (Wyo. 1986). Civil actions normally commence upon filing of a complaint. Fed.R.Civ.P. 3; Wyo.R.Civ.P. 3(a). Wyoming's Rules of Civil Procedure, however, further provide that:

For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint ... if service is made on [the defendant] within sixty (60) days after the filing of the complaint. If such service is not made within sixty (60) days the action shall be deemed commenced on the date when service is made.

Wyo.R.Civ.P. 3(b). A complaint must be served within sixty days in order for the action to commence on the date the complaint was filed. If it is not, the action commences on the date of service of process.

In this case, plaintiff's injury occurred on June 23, 1983. Her complaint was filed on June 22, 1987, one day before the statute of limitations expired. Service of process was not effected until October 13, 1987. Thus, 113 days elapsed from the filing of the complaint until the defendant was served with a summons and complaint. If Rule 3 of the Federal Rules of Civil Procedure (hereinafter "Federal Rule 3") governs, the action commenced within the four-year statute of limitations. Under Wyoming Rule 3(b), however, the action commenced on October 13, 1987, a time substantially exceeding the statutory period.

The plaintiff contends that Wyoming Rule 3(b) is merely procedural and not binding on this Court, citing *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Decisions of the United States Supreme Court and of the Tenth Circuit Court of Appeals dispel this argument.

■ Except in matters controlled by the United States Constitution or by Acts of Congress, state law governs actions brought in federal court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). State statutes of limitations also apply in diversity cases. *Guaranty Trust Co. v. York*, 326 U.S. 99, 109–10, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). In *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533, 69 S.Ct. 1233, 1234–35, 93 L.Ed. 1520 (1949), the Court rejected the argument that Federal Rule 3 governs the time in which actions are commenced in federal court for purposes of tolling state statutes of limitations. Instead, the Court held that state service of summons statutes supply the applicable rule. *Id.* at 533–34, 69 S.Ct. at 1234–35. If a valid Federal Rule of Civil Procedure addresses an issue, however, contrary state rules may be ignored. *Hanna v. Plumer*, 380 U.S. at 474, 85 S.Ct. at 1145–46 (holding that Fed.R.Civ.P. 4(d)(1) governs the method of service of process in a diversity action). *See also id.* at 476, 85 S.Ct. at 1146–47 (Harlan, J., concurring) (suggesting that *Ragan* and *Hanna* cannot be reconciled).

■ The Court reaffirmed *Ragan* in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), a products liability action. Federal jurisdiction was based on diversity of citizenship. *Id.* at 741–42, 100 S.Ct. at 1980–81. Although the complaint was filed within the two-year statute of limitations, under state law the action was not deemed to have commenced until service of process on the defendant. *Id.* at 742–43, 100 S.Ct. at 1981–82. The district court dismissed the complaint as time-barred. The Tenth Circuit Court of Appeals and the United States Supreme Court affirmed. *Id.* at 743–44, 100 S.Ct. at 1981–82.

The case presented the issue of "whether in a diversity action the federal court should follow state law or, alternatively, Rule 3 of the Federal Rules of Civil Procedure in determining when an action is commenced for the purposes of tolling the state statute of limitations." *Id.* at 741, 100 S.Ct. at 1980. The Court held that, when the underlying cause of action is based on state law and federal jurisdiction is based on diversity of citizenship, state law not only furnishes the applicable limitation period but also determines whether service of process must be effected within that period. *Id.* at 752–53, 100 S.Ct. at 1986. The Court saw no reason why:

... in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation

to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and *Erie* and its progeny do not permit it.

*Id.* at 753, 100 S.Ct. at 1986.

These considerations apply with equal force in this case. The purpose of the *Erie* doctrine is "to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation should be substantially the same ... as it would be if tried in a State court." *Guaranty Trust Co. v. York*, 326 U.S. at 109, 65 S.Ct. at 1470. The rule has the twin goals of discouraging forum-shopping and avoiding inequitable administration of the law. *Hanna v. Plumer*, 380 U.S. at 468, 85 S.Ct. at 1142. If this Court now declines to follow Wyoming law, an action clearly barred in state law would be permitted to proceed in federal court. Two different results would obtain, creating an incentive for litigants to shop between the two court systems. The rationale of *Walker* and of the *Erie* line of cases compels the Court to use Wyoming Rule 3(b) in determining whether the statute of limitations has been tolled. *Hunt v. Broce Constr., Inc.*, 674 F.2d 834, 836 (10th Cir.1982). *See also Kitchens v. Bryan County Nat'l Bank*, 825 F.2d 248, 254 (10th Cir.1987) (state's tolling rules generally to be applied in diversity cases); *Cook v. G.D. Searle & Co., Inc.*, 759 F.2d 800, 802 (10th Cir.1985) (same result).

*Hanna v. Plumer* does not alter this result. The rule announced in *Hanna* applies only when state and federal rules directly collide. *Walker v. Armco Steel Corp.*, 446 U.S. at 749, 750, 100 S.Ct. at 1985. Unlike the situation in *Hanna,* the Federal Rules of Civil Procedure do not cover the point in dispute. Federal Rule 3 states that "[a] civil action is commenced by filing a complaint with the court." Fed. R.Civ.P. 3. As the Supreme Court observed:

There is no indication that [Federal Rule 3] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations. In our view, in diversity actions Rule 3 governs the date from which various timing requirements of the Federal rules begin to run, but does not affect state statutes of limitations.

*Walker v. Armco Steel Corp.*, 446 U.S. at 750–51, 100 S.Ct. at 1985 (footnotes and citations omitted). Wyoming Rule 3(b), however, expressly addresses tolling of the statute of limitations. Federal Rule 3 and Wyoming Rule 3(b) thus serve different purposes. One governs the timing requirements of the Federal Rules of Civil Procedure; the other determines when the statute of limitations is tolled by commencement of an action. Accordingly, there is no direct collision between Federal Rule 3 and Wyoming Rule 3(b).

Nor does Wyoming Rule 3(b) conflict with Rule 4(j) of the Federal Rules of Civil Procedure, which provides that:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j). The 120–day limit on service is intended to encourage more efficient litigation by reducing the time between commencement of an action under Rule 3 and service of process. 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1137 at 385 (1987). Rule 4(j), like the other provisions of Rule 4, regulates the method and timing of service of process in the federal courts. *Hanna v. Plumer*, 380 U.S. at 474, 85 S.Ct. at 1145–46; *Kitchens v. Bryan County Nat'l Bank*, 825 F.2d at 255. In contrast, Wyoming Rule 3(b) is a statement by Wyoming's highest court that service on the defendant is an integral part of the statute of limitations. *Walker v.*

*Armco Steel Corp.*, 446 U.S. at 751–52, 100 S.Ct. at 1985–86.

The plaintiff argues that Wyoming Rule 3(b) is not an integral part of the statute of limitations because it was promulgated by Wyoming's Supreme Court and not enacted by the legislature. This argument is unpersuasive. Federal courts sitting in diversity actions must follow the law of the State "[w]henever that law is authoritatively declared by a State, *whether its voice be the legislature or its highest court." Guaranty Trust Co. v. York,* 326 U.S. at 112, 65 S.Ct. at 1471 (emphasis added). On its face, Wyoming Rule 3(b) addresses the statute of limitations. Wyo. R.Civ.P. 3(b). The Wyoming Supreme Court implicitly recognized that Wyoming Rule 3(b) must be considered in determining whether the statute of limitations has run. *Lafferty v. Nickel,* 663 P.2d 168, 169 n. 3 (Wyo.1983). The Tenth Circuit expressly recognized that Wyoming Rule 3(b) applies in diversity actions brought in the District of Wyoming. *Rosa v. Cantrell,* 705 F.2d 1208, 1211 (10th Cir.1982), *cert. denied,* 464 U.S. 821, 104 S.Ct. 85, 78 L.Ed. 2d 94 (1983). Plaintiff's argument ignores the rationale of the Supreme Court's decision in *Walker* and a substantial body of state and federal case law. This Court concludes that Wyoming Rule 3(b) must be applied in diversity cases to determine when Wyoming's statutes of limitations are tolled by commencement of an action. *See Poulos v. Wilson,* 116 F.R.D. 326, 329 (D.Vt.1987) (construing Vt.R.Civ.P. 3 as an integral part of Vermont's statute of limitations).

No other basis exists for tolling the statute of limitations. The limitation period is tolled if a cause of action accrues while the defendant is out of the state or is concealed. Wyo.Stat. § 1–3–116 (1977). As a nonresident corporation, the defendant was amenable to service through the Wyoming Secretary of State or on any basis "not inconsistent with the Wyoming or United States constitution." *Id.* §§ 17–1–111(b), –710(b); 5–1–107(a). Indeed, the record shows that the plaintiff was able to serve the defendant's registered agent in Hartford, Connecticut. There is no allegation that the defendant concealed itself, that the cause of action was concealed or that the plaintiff was unaware of her rights. Accordingly, the Court concludes that the plaintiff's complaint is time-barred and must be dismissed.

Plaintiff hopes to avoid this result by moving for an enlargement of the sixty day period set forth in Wyoming Rule 3(b). Rule 6(b)(2) of the Federal and Wyoming Rules of Civil Procedure provides that:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. ...

Fed.R.Civ.P. 6(b)(2); Wyo.R.Civ.P. 6(b)(2). Rule 6(b)(2), however, does not permit federal courts to enlarge time periods established by statute. 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1165 at 473–75 (1987). Nor may Wyoming's Rules of Civil Procedure serve to "abridge, enlarge or modify ... the provisions of any statute of limitations." Wyo. Stat. § 5–2–115(b) (1977). The sixty-day period established by Wyoming Rule 3(b) is an integral part of the statute of limitations. Using Rule 6(b)(2) to enlarge that time would defeat the purpose of Wyoming Rule 3(b) and frustrate the policies behind the statute of limitations. The provisions of Rule 6(b)(2) may not be used to circumvent the statute of limitations.

Even if Rule 6(b)(2) could rescue an untimely action, the plaintiff failed to demonstrate excusable neglect. Rule 6(b) empowers the Court to enlarge a time specified in the rules of civil procedure only for cause and upon a showing of excusable neglect. Fed.R.Civ.P. 6(b). A finding of excusable neglect requires both a demonstration of good faith and a reasonable basis for failing to comply with the specified time period. *In re Four Seasons Se-*

*curities Laws Litigation,* 493 F.2d 1288, 1290 (10th Cir.1974).

No reasonable excuse explains the plaintiff's failure to serve the defendant within the sixty day period specified in Wyoming Rule 3(b). A long line of cases in the Tenth Circuit require parties to follow state tolling rules. *See Walker v. Armco Steel Corp.,* 592 F.2d 1133 (10th Cir.1979), *aff'd,* 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); *Lindsey v. Dayton–Hudson Corp.,* 592 F.2d 1118 (10th Cir.), *cert. denied,* 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75 (1979); *Merchants Transfer & Warehouse Co. v. Ragan,* 170 F.2d 987 (10th Cir.1948), *aff'd,* 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). This Court has previously applied Wyoming Rule 3(b) in diversity actions. *Rosa v. Cantrell,* 508 F.Supp. 330, 333 (D.Wyo.1981), *rev'd on other grounds,* 705 F.2d 1208 (10th Cir.1982). The Tenth Circuit has recognized that the Wyoming Rules of Civil Procedure apply in determining whether the statute of limitations has been tolled. *Rosa v. Cantrell,* 705 F.2d at 1211. Because these rules were well-established long before this action was filed, the Court concludes that the plaintiff failed to comply with the statute of limitations, not as a result of excusable neglect, but rather due to counsel's inadvertence. It is therefore

ORDERED that defendant's motion to dismiss be, and the same hereby is, granted. It is further

ORDERED that plaintiff's motion for an enlargement of time pursuant to Fed.R.Civ. P. 6(b)(2) be, and the same hereby is, denied.