JOHN O'CONNOR, Appellant, v. THE CITY OF NEW YORK, Respondent.

COURTS — CITY COURT OF CITY OF NEW YORK HAS NO JURISDICTION OF ACTIONS AGAINST CITY. The Marine Court of the city of New York was never a constitutional court, and the limited jurisdiction previously possessed thereby, as to actions against the city of New York, was taken away by chapter 379 of the Laws of 1860, conferring exclusive jurisdiction of such actions upon the Supreme Court, the Court of Common Pleas and the Superior Court of the city of New York, and has never been re-conferred upon it or upon its successor, the present City Court of the city of New York. The fact that the provision in the charter of the city of New York (L. 1897, ch. 378) continuing exclusive jurisdiction of such actions solely in the Supreme Court, with which the Common Pleas and Superior Courts had been consolidated, was omitted from the amended charter (L. 1901, ch. 466), which conferred a limited jurisdiction of such actions upon the Municipal Court of the city of New York, does not warrant a contention that, because of such omission, the jurisdiction of the City Court was broadened and extended by implication to actions against the city and the provisions of the act of 1860 repealed, since such omission

was made necessary by the grant of jurisdiction to the Municipal Court, and the City Court gained nothing thereby. Statutes relating to the jurisdiction of the Marine and City Courts of the city of New York collated and discussed.

O'Connor v. City of New York, 120 App. Div. 875, affirmed.

(Argued January 22, 1908; decided February 25, 1908.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 7, 1907, affirming an order of the Appellate Term which reversed a judgment in favor of plaintiff entered upon a verdict in the City Court of the city of New York and an order denying a motion for a new trial and directed judgment for the defendant.

The nature of the action and the facts, so far as material, are stated in the opinion.

Charles P. Rogers and Delevan A. Holmes for appellant. The City Court of the city of New York has jurisdiction of actions against the city of New York, where the cause of action arose within the limits of New York county. (L. 1872, ch. 629; Callahan v. Mayor, etc., 66 N. Y. 656; L. 1882, ch. 410; L. 1883, ch. 26; Ely v. Bliss, 5 Beav. 582; Van Rensselaer v. Snyder, 9 Barb. 308; Dash v. Van Kleeck, 7 Johns. 497; C. M. Co. v. Vanderpool, 4 Cow. 556; Livingston v. Harris, 11 Wend. 329; L. 1897, ch. 378, § 262; People ex rel. Wood v. Draper, 15 N. Y. 534.) Chapter 466, Laws of 1901, section 262, repeals chapter 379, Laws of 1860, section 8, and laws amendatory thereof. (Duffus v. H. F. Co., 8 App. Div. 567.) The repeal of a repealing act revives the earlier act. (People v. Davis, 61 Barb. 456; Gale v. Mead, 4 Hill, 109; Wheeler v. Roberts, 7 Cow. 536; Ely v. Holton, 15 N. Y. 595; Van Denburgh v. Greenbush, 66 N. Y. 1; N. Y. v. B. R. Co., 97 N. Y. 275; Matter of Livingston Street, 82 N. Y. 621; Ottman v. Hoffman, 6 Misc. Rep. 56; Matter of Sweeley, 12 Misc. Rep. 174; Hastings v. Aiken, 1 Gray [Mass.], 163; Virtue v. Essex County, 67 N. J. L. 139.)

*Francis K. Pendleton, Corporation Counsel (Theodore Connoly and Thomas F. Noonan* of counsel), for respondent. The City Court is the creature of the legislature and possesses only such powers and jurisdiction as the legislature may from time to time prescribe. (*Ford* v. *Babcock,* 1 Den. 158; *Bretz* v. *Mayor, etc.,* 6 Robt. 325; *Burnham* v. *Acton,* 7 Robt. 395; *Curtin* v. *Barton,* 139 N. Y. 505; *Anderson* v. *Reilly,* 66 N. Y. 189; *Irwin* v. *M. S. R. Co.,* 38 App. Div. 253; *People ex rel. Saloom* v. *Whitney,* 32 App. Div. 144; *People ex rel. Lynch* v. *Duffy,* 49 Hun, 276.) The statutes creating the jurisdiction of the City Court in no instance give the court jurisdiction of actions against the city, but, on the contrary, said jurisdiction is specifically excluded by legislative acts. (McAdam on Marine Court Practice, chs. 1, 2, 3; *Callahan* v. *Mayor, etc.,* 66 N. Y. 656; *Worthington* v. *L. G. & A. Co.,* 164 N. Y. 81; *People ex rel. Gaskill* v. *Ransom,* 56 Barb. 514; *Jones* v. *Reed,* 1 Johns. Cas. 20; *Ahern* v. *N. S. Co.,* 11 Abb. Pr. [N. S.] 362; *Stone* v. *Miller,* 62 Barb. 430; *Ford* v. *Babcock,* 1 Den. 158; *Loomis* v. *Bowers,* 22 How. Pr. 364; *Handshaw* v. *Arthur,* 9 App. Div. 175; 161 N. Y. 664; *Frees* v. *Blyth,* 99 App. Div. 541; *Gilbert* v. *York,* 111 N. Y. 544.) A repeal by implication is not favored. (*Quinn* v. *City of New York,* 68 App. Div. 175.)

Gray, J. The plaintiff brought an action in the City Court of the city of New York against the city to recover damages for the loss of the services of his wife, occasioned through personal injuries sustained by her from a fall into a coal hole, or vault, in a sidewalk. The objection was taken by answer that the court was without jurisdiction and a motion to dismiss the complaint, made at the opening of the trial upon that ground, was denied. The plaintiff recovered a judgment, which was reversed at the Appellate Term of the Supreme Court, and, upon a further appeal to the Appellate Division, the order of reversal was affirmed. That court, without any expression of opinion, has certified the case to

this court for our review. The order of reversal by the Appellate Term was accompanied by an opinion; which discussed the jurisdiction of the City Court and I think that we can add little, if anything, to the force of the well-reasoned and well-expressed opinion of Mr. Justice DOWLING.

The City Court of New York, prior to 1883, was known as the "Marine Court of the City of New York"; a court which, in 1819, had succeeded, under that name, to the powers of the Assistant Justices' Court. It was not a constitutional court; nor was it a court of record. By an act passed in 1858, it was given jurisdiction of actions against the mayor, aldermen and commonalty of the city of New York, in which the amount claimed by the plaintiff did not exceed $200; but, in 1860, (Laws 1860, chap. 379), exclusive jurisdiction of such actions, or special proceedings, was expressly conferred by the legislature upon the Supreme Court, in the first judicial district, the Court of Common Pleas and the Superior Court of the city of New York. In 1872, (Laws 1872, chap. 629), the Marine Court was made a court of record and it was given jurisdiction of actions against corporations, whether created under, or by, the laws of this state, or of any other state, or country, for the recovery of any debt, or damages, arising upon contracts made within this state, or upon any cause of action arising therein. The question, whether by that enactment the Marine Court had regained jurisdiction of actions against the city, as a municipal corporation, was presented in the case of *Callahan* v. *Mayor, etc., of N. Y.*, (66 N. Y. 656), and this court held adversely to that contention and that the provisions of the act of 1872 only comprehended private corporations. When the Consolidation Act was passed in 1882, (Laws 1882, chap. 410), it was provided by section 1103 that the Supreme Court, the Court of. Common Pleas and the Superior Court should have exclusive jurisdiction of all actions, or special proceedings, brought against the mayor, aldermen and commonalty. This was a re-enactment of the provision of the act of 1860, to which I have referred. Section 1208 of the Consolidation Act made especial provision

for the jurisdiction of the Marine Court and extended it in certain respects; but there was, neither expressly, nor impliedly, any reference to actions against the city. In 1883, the Marine Court received its present name of the "City Court of the City of New York." In 1897, when the Greater New York charter was enacted, (Laws 1897, chap. 378), by section 1345 thereof, the City Court and its justices were expressly continued with "the same powers and jurisdiction as are now conferred upon them by law." Section 262 of the charter gave to the Supreme Court, with which the Common Pleas and Superior Courts had been consolidated, "exclusive jurisdiction over all actions, or special proceedings, wherein the city of New York is made a party defendant", and the section, also, provided that "all such actions shall be tried in that county wholly or partly embraced within the city of New York in which the cause of action arose, or in the county of New York, subject to the power of the court to change the place of trial" etc. At the time of the enactment of the Greater New York charter, it is clear that the jurisdiction of the City Court, as continued, was only such as had been conferred by the provisions of the Consolidation Act of 1882, and, as we have seen, that could not extend to actions against the city; for jurisdiction of such belonged exclusively to the Supreme, Common Pleas and Superior Courts. In 1901, the charter was amended, (Laws 1901, chap. 466), and, by section 1345 of the amending act, the City Court and its justices were continued with "the same powers and jurisdiction as are now conferred upon them by law." By section 1364, the Municipal Court of the city of New York, with which the District Courts of the city had been consolidated, was expressly vested with a jurisdiction comprehending actions against the city, wherein the amount involved did not exceed $500. In consequence of this extension of jurisdiction to the Municipal Court, it became necessary to omit the provision of the Greater New York charter, which contined such jurisdiction to the Supreme Court. Therefore, section 262 of the charter of 1897, which had conferred that

exclusive jurisdiction, in the revision and amendment of 1901, was inserted without the clause relating to jurisdiction. That left the section to stand, simply, with the provision for the trial of actions against the city within the county of New York, or that county within the city in which the cause of action arose. Because of the omission from section 262 of the clause conferring exclusive jurisdiction upon the Supreme Court in actions against the city, the argument is made that the jurisdiction of the City Court was broadened and extended, by implication, to actions against the city. It is said that the effect of thus amending section 262 of the charter was to repeal the grant of exclusive jurisdiction to the Supreme Court, and not only that but, also, to repeal the provision of the act of 1860, which, as we have seen, had given such exclusive jurisdiction to the Supreme Court, the Court of Common Pleas and the Superior Court of the city. There is absolutely no warrant for the argument. In 1860 the Marine Court was deprived of jurisdiction in actions against the city and, so far from that jurisdiction having ever been restored by the legislature to it, or to its successor, the City Court, the Consolidation Act of 1882 and the charter of 1897 continued such jurisdiction in the Supreme, Common Pleas and Superior Courts and, upon the consolidation of the two latter courts with the Supreme Court, in that court alone, until, in 1901, the Municipal Court was granted a limited jurisdiction. The City Court, when continued by the charter, could gain nothing in its jurisdiction by implication. Its jurisdiction was limited to such actions as were therein described. Its predecessor, the Marine Court, had but a petty jurisdiction, originally, and, when all jurisdiction was taken away by subsequent legislation and at no time re-granted, expressly, to infer from the omission from section 262, in the charter amendment of 1901, of the clause conferring exclusive jurisdiction upon the Supreme Court, a grant of equal jurisdiction to the City Court requires a highly imaginative process of reasoning. To imply a repeal of the limitation upon the jurisdiction of the City Court from the omission would be con-

trary to public policy and to the canons of statutory construction. Moreover, we find an express provision in section 1609 of the amended charter of 1901, which enacts that " the mere omission from this act of any previous acts, or of. any of the provisions thereof, including said Consolidation Act of 1882, * * * shall not be held to be a repeal thereof." The legislative intent is quite plain, in re-enacting section 262 without the clause conferring exclusive jurisdiction upon the Supreme Court. In granting to the Municipal Court of the city the additional jurisdiction of actions against the city, it was necessary that the existing provision for exclusive jurisdiction in the Supreme Court should be omitted. The City Court gained nothing thereby. It was left where it was, after the act of 1860 had deprived it of its limited jurisdiction in actions against the city. Such jurisdiction was never restored in any degree ; but, to the contrary, was expressly negatived in the charter legislation.

I advise the affirmance of the order appealed from, with costs.

Cullen, Ch. J., Haight, Vann, Werner, Willard Bartlett and Chase, JJ., concur.

Order affirmed.