MAISCH v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. COSTS—RIGHT—AMOUNT OF RECOVERY—ACTIONS TRIABLE IN INFERIOR COURT —CITY COURT OF NEW YORK.

Code Civ. Proc. § 3228, subd. 5, declares that in all actions in the Supreme Court, triable in the county of New York or county of Kings, which could have been brought, except for the amount claimed, in the City Court of the city of New York or the County Court of Kings county, and in which defendant is personally served with process within the counties of New York or Kings, plaintiff shall recover no costs unless he shall recover $500 or more. Held that, where an action could be brought in Kings county, such subdivision did not require that it be brought in the City Court of New York.

2. COURTS—JURISDICTION—CITY COURT OF NEW YORK.

The City Court of New York has no jurisdiction of actions against such city.

3. SAME—COUNTY COURT—KINGS COUNTY.

The revision of Greater New York Charter, § 262, by Laws 1901, p. 114, c. 466, eliminating the sentence, "The Supreme Court shall have exclusive jurisdiction of all actions or special proceedings wherein the city of New York is made a party defendant," did not confer jurisdiction of such actions on the Kings County Court.

4. SAME—"RESIDENT"—"DOMESTIC CORPORATIONS."

Code Civ. Proc. § 340, defining the jurisdiction of County Courts, provides (subdivision 3) that such jurisdiction extends to an action where the defendant, at the time of its commencement, is a resident of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding $2,000. Const. art. 6, § 14, declares that the jurisdiction of County Courts shall not be extended to an action in which any person not a resident of the county is a defendant; and article 8, subd. 3, provides that all corporations shall have the right to sue and be sued in all courts in like cases as natural persons. Code Civ. Proc. § 341, provides that, in

determining the jurisdiction of the County Court, a domestic corporation is to be deemed a resident of the county in which its principal place of business is located; and section 431 provides for personal service of summons on a domestic corporation by delivering a copy thereof, if the action is against the city of New York, to the mayor, comptroller, or counsel to the corporation. *Held* that, in view of the sense in which the word "resident" was used in Const. art. 8, subd. 3, requiring that a domestic corporation be regarded as a resident of some county, and the Legislature having expressly included municipal corporations in the term "domestic corporation," as used in sections 341 and 431, the County Court of Kings county has no jurisdiction of an action against the city of New York.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6161–6166; vol. 8, p. 7788; vol. 3, p. 2164.]

Appeal from Special Term, Kings County.

Action by Rudolph Maisch against the city of New York. From an order denying plaintiff's motion for a retaxation of costs, he appeals. Reversed, and motion granted.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

H. C. Underhill, for appellant.

James D. Bell (Samuel K. Probasco, on the brief), for respondent.

MILLER, J. This is an appeal from an order denying a motion for a retaxation of costs. Section 3228, subd. 5, of the Code of Civil Procedure provides:

"In all actions hereafter brought in the Supreme Court, triable in the county of New York or county of Kings, which could have been brought, except for the amount claimed therein, in the City Court of the city of New York or the County Court of Kings county, and in which the defendant shall have been personally served with process within the counties of New York or Kings, the plaintiff shall recover no costs or disbursements unless he shall recover five hundred dollars or more."

This action was brought in the Supreme Court, and less than $500 was recovered. Where the action may properly be brought in the county of Kings, said section 3228, subd. 5, was not intended to require that it be brought in the City Court of New York. Moreover, the City Court of New York does not have jurisdiction of actions against the city of New York. O'Connor v. City of New York, 191 N. Y. 238, 83 N. E. 979.

The respondent, however, contends that the County Court of Kings county has jurisdiction of such an action, and relies upon the change made in section 262 of the charter by the revision of 1901 (Laws 1901, p. 114, c. 466), which eliminated the sentence:

"The Supreme Court shall have exclusive jurisdiction of all actions or special proceedings wherein the city of New York is made a party defendant."

That amendment, however, did not have the effect of conferring jurisdiction on the County Court. The reason for it is explained in the case of O'Connor v. City of New York, supra, which was because of the extension of the jurisdiction of the Municipal Court to actions against the city wherein the amount involved did not exceed $500.

Section 340 of the Code of Civil Procedure defines the jurisdiction of County Courts, and provides by subdivision 3 that such jurisdiction extends—

"to an action for any other cause, where the defendant is, or, if there are two or more defendants, where all of them are, at the time of the commencement of the action, residents of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding two thousand dollars."

So that this case turns on the question whether the city of New York is a resident of the county of Kings, within the meaning of that section, and of article 6, § 14, of the state Constitution, which provides that the jurisdiction of County Courts shall not be extended so as to authorize an action therein in which any person not a resident of the county is a defendant. Article 8, subd. 3, of the state Constitution, provides that all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons. In the sense in which the word "resident" is thus used, a domestic corporation must be a resident of some county. Section 341 of the Code of Civil Procedure provides:

"For the purpose of determining the jurisdiction of a County Court, in either of the cases specified in the last section, a domestic corporation or joint stock association, whose principal place of business is established, by or pursuant to a statute, or by its articles of association, or is actually located within the county, or in case of a railroad corporation where any portion of the road operated by it is within the county, it is deemed a resident of the county; and personal service of a summons, made within the county, as prescribed in this act, or personal service of a mandate, whereby a special proceeding is commenced, made within the county, as prescribed in this act for personal service of a summons, is sufficient service thereof upon a domestic corporation wherever it is located."

And section 431 prescribes how personal service shall be made on a domestic corporation; i. e.:

"By delivering a copy thereof, within the state, as follows: (1) If the action is against the mayor, aldermen, and commonalty of the city of New York, to the mayor, comptroller, or counsel to the corporation."

It thus appears that the Legislature has expressly included municipal corporations in the term "domestic corporation," as used in said sections 341 and 431, and it follows that the respondent's contention that said section 341 does not apply to municipal corporations cannot be sustained. It is undisputed that the principal place of business of the city of New York is in the borough of Manhattan, from which it follows that the County Court of Kings County does not have jurisdiction of actions against the city of New York.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with costs. All concur.