OPINION OF THE COURT
Edward H. Lehner, J.
The issue on this motion by defendant to dismiss on Statute of Limitations grounds is whether plaintiff is entitled to the six-month extension provided in CPLR 205 (a) when a prior *143 federal action, in which plaintiff never effected service, was dismissed solely because of lack of diversity.
This action arises out of a claim for injuries suffered by plaintiff in a slip and fall accident which allegedly occurred on October 8, 1996 at the South Street Seaport. Seven days prior to the expiration of the three-year limitations period, plaintiff filed a summons and complaint in the Southern District of New York (the Federal Action). Two months later, on December 8, plaintiff mailed a request for a waiver of service letter with a copy of the complaint to defendant Uno Pizza. There is no claim that Uno Pizza signed the waiver and plaintiff has submitted no proof that it ever effected service upon movant.
On March 17, 2000 plaintiff filed an amended complaint in the Federal Action. In response, Pizzera Uno of South Street Seaport Inc. served an answer (sued herein as Uno Pizza) which included the affirmative defense of lack of personal jurisdiction due to improper service. Sometime thereafter the federal court referred the matter to a magistrate.
On October 16, 2000 the federal court issued an order adopting the magistrate’s report recommending dismissal of the complaint and denying any pending motion as moot, although this Court has not been provided with a copy of the relevant order. Nine days later, a judgment was signed dismissing the complaint based on the order. Although it cannot be determined from the papers what the ground for dismissal was, the parties on this motion only refer to a dismissal based on lack of diversity and, as such, it must be assumed by this Court that the issue of the adequacy of service on defendant was not determined in the Federal Action.
On November 2, 2000 (more than a year after the expiration of the Statute of Limitations), plaintiff filed a summons and complaint in this Court that was similar as to parties and content to that filed in the Federal Action. Service was thereafter made upon movant on December 8, 2000.
In now moving to dismiss, defendant Pizzera Uno of South Street Seaport Inc. argues that it was never properly served in the Federal Action and hence such action was not timely commenced against it. In opposition, plaintiff does not contend that movant was served, merely arguing that movant, as a New York corporation, was subject to jurisdiction of the federal court as service could have been made upon the Secretary of State.
When an action that has been timely commenced is later dismissed, CPLR 205 (a) provides that, even if the Statute of *144 Limitations has or will run, a new action may be commenced within six months of the termination, except if the termination was “by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits * * * provided that the new action would have been timely commenced at the time of the commencement of the prior action.”
An order granting discontinuance of a federal court action based on lack of diversity does not constitute a voluntary discontinuance as envisioned in CPLR 205 (a) (Dyer v Cahan, 150 AD2d 172 [1st Dept 1989]; Censor v Mead Reins. Corp., 176 AD2d 600 [1st Dept 1991]; Extebank v Finkelstein, 188 AD2d 513 [2d Dept 1992]).
“The requisite predicate for the application of CPLR 205 (subd [a]) is that the terminated action must have been ‘timely commenced’ * * * [and] [a]n action is ‘commenced’ within the meaning of any statute governing limitations * * * when there has been service of a summons * * * [but] [s]ervice is only effective, however, when it is made pursuant to the appropriate method authorized by the CPLR” (Markoff v South Nassau Community Hosp., 61 NY2d 283, 288 [1984]). “Therefore, when an action is dismissed for lack of personal jurisdiction because service of the summons was defective, or because service never occurred, CPLR 205 (subd [a]) will not apply notwithstanding a defendant’s actual notice, because the action was never ‘commenced,’ within the meaning of that statute.” (Id. at 286; see also, Parker v Mack, 61 NY2d 114, 117 [1984]; Prevost v Hartman, 103 AD2d 842 [2d Dept 1984].)
While the above cases dealt with situations where the prior action had been commenced in a state court, the same principle was applied in Meneely v Hitachi Seiki USA (175 AD2d 111 [2d Dept 1991]), where the prior action had been commenced in a federal court. In that litigation, plaintiffs’ initial federal action was dismissed solely due to the absence of diversity and, subsequent to the expiration of the applicable limitations period, plaintiffs attempted to commence a new action in state court based upon the same transactions. Defendants moved to dismiss the state action as time-barred arguing that the federal action was never properly commenced due to improper service of process and hence plaintiffs were not entitled to the six-month extension under CPLR 205 (a). As the federal court made no finding and expressed no position with respect to the issue of proper service, the Appellate Division reviewed the *145 service of process in the federal court and, finding it defective under the Federal Rules of Civil Procedure and state statutes, held that the motion to dismiss the state action should have been granted.
By reason of the 1992 amendment to CPLR 304, an action in State Supreme Court is now “commenced” by filing. This is similar to Federal Rules of Civil Procedure rule 3 which provides that a civil action is “commenced” by filing a complaint. Also CPLR 306 (b) and Federal Rules of Civil Procedure, rule 4 (m) (upon which section 306 [b] is modeled) both provide that service must be effected within 120 days of filing, with the court having authority to extend such period upon a showing of “good cause.”
Here plaintiff requested that movant waive service of the summons by the mailing of the notice authorized by Federal Rules of Civil Procedure, rule 4 (d). However, since movant did not execute such waiver, in order to acquire personal jurisdiction plaintiff was required to effect service in the normal manner. (See, Siegel, Supp Practice Commentaries, Fed Rules Civ Pro rule 4, 28 USCA Fed Rules Civ Pro rule 4, C-17 [where current rule 4 (amended in 1993) is compared to the prior rule 4].) No service having ever been effected on movant, and it having asserted the defense of lack of personal jurisdiction in its answer, jurisdiction was not acquired over it in the Federal Action.
While the filing of the complaint in the Federal Action would be the “commencement” of an action under rule 3 and therefore literally the action could be deemed to have been “timely commenced” under CPLR 205 (a), this Court agrees with the procedure followed in Meneely v Hitachi Seiki USA (supra), and concludes upon examination of the papers that the Federal Action was not “properly commenced” and hence was not “commenced within the meaning of CPLR 205” (at 113). The mailing of a request for a waiver of service of process is, as indicated above, not a means of acquiring jurisdiction. Since no claim is made that service was ever made upon movant, it is clear that if the federal court reached the issue of personal jurisdiction, the action would have to be dismissed due to the failure to effect service. Therefore, plaintiff is not entitled to the CPLR 205 (a) six-month extension, and the motion to dismiss based on the Statute of Limitations is granted.