2006 WY 38

**Paula HOKE, Appellant (Plaintiff),**

v.

**MOTEL 6 JACKSON and Accor North America, Inc., a Delaware corporation, Appellees (Defendants).**

No. 05–132.

Supreme Court of Wyoming.

March 27, 2006.

Representing Appellant: William R. Fix and Jenna V. Mandraccia of William R. Fix, P.C., Jackson, Wyoming. Argument by Mr. Fix.

Representing Appellees: James K. Lubing and Carter H. Wilkinson of James K. Lubing Law Office, Jackson, Wyoming. Argument by Mr. Lubing.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

HILL, Chief Justice.

[¶ 1] Paula Hoke (Hoke) allegedly suffered injuries on March 6, 2000, while a guest at Motel 6 of Jackson, Wyoming (Motel 6). On March 4, 2004, two days before the statute of limitations expired, Hoke filed a negligence action against Motel 6 and Accor North America, Inc. (Accor). After vacating a default judgment, the district court dismissed with prejudice the claims against Motel 6 on the grounds that the service of summons and complaint was improper pursuant to W.R.C.P. 4(b) and the statute of limitations had passed. The court also dismissed the claims against Accor with prejudice because service was not made within 60 days of the filing of the complaint and, pursuant to W.R.C.P. 3(b), when service occurs outside of that time period, the action is deemed commenced on the date of service, which occurred after the statute of limitations had expired. Hoke appeals the dismissal of her claims against Motel 6 and Accor. We affirm.

## ISSUES

[¶ 2] Hoke states the following issues:

I.  Whether the lower court was acting within its authority in granting the Plaintiff's Motion for Enlargement of Time for Service of Process on defendant Accor North America, Inc., and if so, its effect upon the timely service upon the defendant Accor North America, Inc., warranting reversal of the lower court's order of dismissal as to said defendant.

II. Whether the lower court erred in dismissing plaintiff's cause of action against Accor North America, Inc., and Motel 6 of Jackson *with* prejudice, in light of the Wyoming savings statute, W.S. § 1-3-118.

Motel 6 and Accor respond with a statement of three issues:

1. Was the dismissal of Plaintiff's cause of action and the setting aside of the default judgment against Defendant Motel 6 proper where Defendant Motel 6 was not properly served within the required statutory time period?

2. Was the dismissal of Plaintiff's cause of action against Defendant Accor proper where Defendant Accor North America was not properly served within the required statutory time period?

3. Were the dismissals of Plaintiff's causes of action against Defendants Motel 6 and Accor North America with prejudice proper?

## PROCEDURAL BACKGROUND

[¶ 3] Hoke filed a complaint on March 4, 2004, alleging that she suffered injuries on March 6, 2000, while a guest at Motel 6 in Jackson, Wyoming. The statute of limitations governing Hoke's claims was four years pursuant to Wyo. Stat. Ann. § 1–3–105[1] (LexisNexis 2005). On March 29, 2004, a summons was served upon an employee of Motel 6. The summons was not signed by the Clerk of Court or sealed by the Court as required by W.R.C.P. 4(b).[2] Furthermore, no complaint was attached to the summons. Motel 6 did not timely file its answer, and default was entered on May 4, 2004. Three days later, the district court judge entered a default judgment against Motel 6.

[¶ 4] Meanwhile, on May 3, 2004, Hoke filed a motion to enlarge the time for service on Accor by an additional 60 days pursuant to W.R.C.P. 6(b).[3] The motion was granted, and service was completed upon Accor's registered agent on July 1, 2004.

---

1. **§ 1–3–105. Actions other than recovery of real property.**

    (a) Civil actions other than for the recovery of real property can only be brought within the following periods after the cause of action accrues:

    . . . .

    (iv) Within four (4) years, an action for:
    (A) Trespass upon real property;
    (B) The recovery of personal property or for taking, detaining or injuring personal property;
    (C) An injury to the rights of the plaintiff, not arising on contract and not herein enumerated; and
    (D) For relief on the ground of fraud.

    *See also Woodard v. Cook Ford Sales, Inc.* 927 P.2d 1168 (Wyo.1996).

2. **Rule 4. Process**

    . . . .

    *(b) Form of Summons*—The summons shall be signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, if any, otherwise the plaintiff's address, and the time within which these rules require the defendant to appear and defend, and shall notify the defendant that in case of the defendant's failure to do so judgment by default will be rendered against the defendant for the relief demanded in the complaint.

3. **Rule 6. Time**

    . . . .

    *(b) Enlargement*—When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, or a commissioner thereof, for cause shown may at any time in its discretion: (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order; or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them. Provided, however, a motion served before the expiration of the time limitations set forth by these rules for an extension of time of not more than 15 days within which to answer or move to dismiss the complaint, or answer, respond or object to discovery under Rules 33, 34, and 36, if accompanied by a statement setting forth: (1) the specific reasons for the request; (2) that the motion is timely filed; (3) that the extension will not conflict with any scheduling or other order of the court; and (4) that there has been no prior extension of time granted with respect to the matter in question; may be granted once by the clerk of court, ex parte and routinely, subject to the right of the opposing party to move to set aside the order so extending time. Motions for further extensions of time with respect to matters extended by the clerk shall be presented to the court, or a commissioner thereof, for determination.

[¶ 5] On July 20, 2004, Motel 6 filed a motion to set aside the default judgment and to dismiss the action contending that the summons's failure to comply with W.R.C.P. 4(b) rendered service of process void, which meant that the court had not obtained jurisdiction over it prior to the expiration of the statute of limitations. On the same day, Accor filed a motion to dismiss the action contending that since it was served outside of the initial 60–day period, the action was not deemed to have been commenced on the date of the filing of the complaint; rather, pursuant to W.R.C.P. 3(b), the action was deemed to have commenced on the date of service, July 1, 2004, which was after the expiration of the statute of limitations. After a hearing, the district court entered an order setting aside the default and dismissing the action against Motel 6 and Accor with prejudice for the reasons articulated by the defendants. Hoke appeals from that order.

## STANDARD OF REVIEW

[¶ 6] Our review requires us to determine the applicability of certain procedural rules and statutes, including the statute of limitations. Those are questions of law, which we review de novo.[4] See *Hollingshead v. Hollingshead,* 942 P.2d 1104, 1106 (Wyo. 1997) ("The applicability of a statute of limitations is a question of law to be decided by the court."); and *EOG Resources, Inc. v. State,* 2003 WY 34, ¶ 7, 64 P.3d 757, 759 (Wyo.2003) ("On review, questions of the application of the law, including identification of the correct rule, are considered *de novo.*"). Resolution of the issue on appeal will require us to construe and apply several rules of civil procedure and statutory provisions. Our rules of civil procedure are construed in the same manner as a statute. *Vanasse v. Ramsay,* 847 P.2d 993, 999 (Wyo.1993).

Our standard of review with respect to the construction of statutes is well known. In interpreting statutes, our primary con-

sideration is to determine the legislature's intent. All statutes must be construed in *pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in *pari materia.* When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. *Wyoming Board of Outfitters and Professional Guides v. Clark,* 2001 WY 78, ¶ 12, 30 P.3d 36, ¶ 12 (Wyo.2001); *Murphy v. State Canvassing Board,* 12 P.3d 677, 679 (Wyo. 2000). Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. *Billis v. State,* 800 P.2d 401, 413 (Wyo.1990) (citing *McGuire v. McGuire,* 608 P.2d 1278, 1283 (Wyo.1980)).

Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions. *Gray v. Stratton Real Estate,* 2001 WY 125, ¶ 5, 36 P.3d 1127, ¶ 5 (Wyo.2001); *Bowen v. State, Wyoming Real Estate Commission,* 900 P.2d 1140, 1143 (Wyo. 1995).

*Bridle Bit Ranch Company v. Basin Electric Power Cooperative,* 2005 WY 108, ¶ 21, 118 P.3d 996, 1008 (Wyo.2005) (quoting *In Re Loberg,* 2004 WY 48, ¶ 5, 88 P.3d 1045, 1048 (Wyo.2004) and *Board of County Commissioners of Teton County v. Crow,* 2003 WY

4. The defendants argue that an abuse of discretion standard is also applicable, at least in part, because the district court's decision set aside the default judgment against Motel 6. See *Fluor Daniel (NPOSR), Inc. v. Seward,* 956 P.2d 1131, 1134 (Wyo.1998). However, Hoke conceded before the trial court that service on Motel 6 was defective and that the default judgment should be set aside. Since the propriety of the court's decision to set aside the default judgment is not properly before us and the remaining issues raise questions of law, the proper standard for our review of the appeal is de novo.

40, ¶¶ 40–41, 65 P.3d 720, 733–34 (Wyo. 2003)).

## DISCUSSION

[¶ 7] The district court set aside the entry of default and default judgment against Motel 6 and dismissed Hoke's claims against it because the summons did not comply with the requirements of W.R.C.P. 4(b). A summons is "the means of compelling a defendant to subject his person to the jurisdiction of the court from which the summons issues." *Pease Brothers, Inc. v. American Pipe & Supply Company*, 522 P.2d 996, 1001 (Wyo.1974) (quoting *State ex rel. Minihan v. Aronson*, 350 Mo. 309, 165 S.W.2d 404, 407 (1942)). Strict compliance with the requirements of service of process is mandatory. *In Interest of DG*, 825 P.2d 369, 377 (Wyo.1992). Any omissions of statements that are required under W.R.C.P. 4 are fatal and such omission prevents the trial court from obtaining jurisdiction of the defendant. *Emery v. Emery*, 404 P.2d 745, 748 (Wyo.1965) (citing *National Supply Company v. Chittim*, 387 P.2d 1010, 1011 (Wyo.1964)); see also *Oedekoven v. Oedekoven*, 475 P.2d 307, 308 (Wyo. 1970); and *Duncan v. Duncan*, 776 P.2d 758, 760 (Wyo.1989). A judgment entered without proper service of the summons is void and subject to attack directly or collaterally. *Crotteau v. Irvine*, 656 P.2d 1166, 1169 (Wyo. 1983); *Bryant v. Wybro Federal Credit Union*, 544 P.2d 1010, 1011–12 (Wyo.1976); *Pease Brothers, Inc.*, 522 P.2d at 1000–1001. Without proper service of summons, a default judgment is void and must be vacated. *Midway Oil Corporation v. Guess*, 714 P.2d 339, 345 (Wyo.1986); *Pease Brothers, Inc.* at *Id.*

[¶ 8] At the hearing on the motions to set aside the default judgment and dismiss filed by Motel 6, Hoke acknowledged that the summons was defective and not in compliance with the requirements of Rule 4(b). She also conceded that the default judgment should be vacated. On appeal, Hoke does not directly challenge the vacation of the default judgment. Instead, Hoke confines her argument to a collateral attack on the dismissal of her action against Motel 6 arguing that Motel 6 has "unclean hands" because it had notice of the action despite the defective summons and chose to wait until after the time period set forth in W.R.C.P. 3(b) lapsed before challenging the summons, effectively creating a bar to litigation against it. Hoke did not make this argument before the district court, and on appeal she has not supported her argument with citation to or analysis of pertinent legal authority. With the exception of certain jurisdictional and fundamental issues, we do not consider arguments made for the first time on appeal, *Meima v. Broemmel*, 2005 WY 87, ¶ 56, 117 P.3d 429, 447 (Wyo.2005), nor do we consider arguments not supported by citation to relevant legal authority. *Cathcart v. Meyer*, 2004 WY 49, ¶ 20, 88 P.3d 1050, 1060 (Wyo. 2004). We decline to consider Hoke's argument and affirm the district court's order vacating the default judgment and dismissing the claims against Motel 6.[5]

[¶ 9] The service on Accor presents different considerations. The summons complied with the requirements of Rule 4(b), but Hoke, for reasons not apparent in the record, was unable to effectuate service on Accor, and on May 3, 2004, she filed a motion to enlarge the time for service of process pursuant to Rule 6(b). The district court granted that motion on May 7. Accor was served on July 1. In granting Accor's motion to dismiss, the district court reasoned:

> [Hoke] filed the Complaint on March 4, 2004, two days before the statute of limitations ran. On May 7, 2004, sixty-four days after the filing of the Complaint, the Court signed an Order Granting Enlargement of Service pursuant to Rule [6(b)] on Defendant Accor. A Summons was issued on June 30, 2004, 119 days after the Complaint was filed. The Summons on Defendant Accor was served July 1, 2004.
>
> . . . .
>
> Rule 6(b)(2) does not allow the Court to enlarge the sixty-day period set forth in W.R.C.P. Rule 3(b). [4B] Wright & Miller,

---

5. We address whether the dismissal should have been with or without prejudice later in this opinion.

*Federal Practice and Procedure* § 1165 at 518–20 (2004). This issue was considered in [*Hammons* ] *v. International Playtex, Inc.*, 676 F.Supp. 1114 ([D. Wyo.] 1988). "Using Rule 6(b)(2) to enlarge that time would defeat the purpose of Wyoming Rule 3(b) and frustrate the policies behind the statute of limitations. The provisions of Rule 6(b)(2) may not be used to circumvent the statute of limitations." We also have a statute which provides that the Wyoming Rules of Civil Procedure "shall neither abridge, enlarge or modify . . . the provisions of any statute of limitations." Wyo. Stat. Ann. § 5–2–115(b) (2003).

Rule 3(b) requires that the action against Defendant Accor is deemed commenced on July 1, 2004, one-hundred twenty days after running of the statute of limitations.

Hoke argues that the district court incorrectly applied Rule 6. She insists that the district court had the authority to grant a motion for enlargement of time for service as Rule 6(a) [6] applies to the statute of limitations, citing *Olson v. Campbell County Memorial Hospital*, 652 P.2d 1365 (Wyo.1982), while Rule 6(b) provides for various exceptions to which the rule allowing enlargement does not apply and Rule 3 is not included among them.

6. **Rule 6. Time**

(a) *Computation*—In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statutes, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule, "legal holiday" includes any day officially recognized as a legal holiday in this state by designation of the legislature or appointment as a holiday by the governor.

7. **Rule 3. Commencement of Action**

. . . .

(b) *When commenced*—For purposes of statutes of limitation, an action shall be deemed

Hoke claims that the order enlarging the time for service did not extend the statute of limitations since the suit had already been timely filed. Hoke maintains that she reasonably relied on the order granting the enlargement of time to serve Accor, and so the date of service must then relate back to the filing date of the suit.

[¶ 10] Resolution of this issue requires us to consider the interplay of Rules 6(a), 6(b), and 3(b) [7] of the Wyoming Rules of Civil Procedure and Wyo. Stat. Ann. § 5–2–115 (LexisNexis 2005).[8] Rule 6(a) is a rule of counting to determine when a time period specified in a rule, court order, or statute commences to run or ends. Hoke is correct in her assertion that the Rule applies to the statute of limitations, *Olson*, 652 P.2d at 1366; however, we have made it clear that the rule does not enlarge the time provided in a statute of limitations:

Considering the above authorities, we comfortably come to the opinion that we can and should apply the provisions of Rule 6(a) to the two-year time limit contained in § 1–3–107. We are heavily influenced by the fact that, in actuality, an application of Rule 6(a) does not enlarge the time provided for in § 1–3–107, but, on

commenced on the date of filing the complaint as to each defendant, if service is made on the defendant or on a co-defendant who is a joint contractor or otherwise united in interest with the defendant, within 60 days after the filing of the complaint. If such service is not made within 60 days the action shall be deemed commenced on the date when service is made. The voluntary waiver, acceptance or acknowledgment of service, or appearance by a defendant shall be the same as personal service on the date when such waiver, acceptance, acknowledgment or appearance is made. When service is made by publication, the action shall be deemed commenced on the date of the first publication.

8. **§ 5–2–115. Rules and forms governing pleading, practice and procedure in all courts; application of rules.**

. . . .

(b) Such rules shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts nor change the provisions of any statute of limitations.

the other hand, it merely creates a uniform rule for determining when the time limit begins to run and when it ends.

*Olson,* 652 P.2d at 1368. Furthermore, Rule 6(b), by its own terms, does not apply to statutory provisions. The first sentence of that subsection states that a period of time may be enlarged, with or without a motion depending on when it is sought, for which an act ·is required or allowed to be done under the Rules of Civil Procedure or by a notice given under those rules or by order of the court. Notably, Rule 6(b) does not include statutes within its ambit. 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 at 519 (3rd ed. 2002) ("The rule [6(b)] does not apply to time periods set out in statutes."). The same point is echoed in the language of Wyo. Stat. Ann. § 5–2–115 (LexisNexis 2005) ("[The Rules of Civil Procedure shall not] change the provisions of any statute of limitations."). Hoke's interpretation of Rules 6(a) and (b) is simply not tenable given the plain and unambiguous language of the rules and Wyo. Stat. Ann. § 5–2–115.

[¶ 11] If service is accomplished within 60 days after the filing of the complaint, then the action is deemed to have commenced on the date of filing. W.R.C.P. 3(b). However, if service is not made within 60 days, "the action is deemed commenced on the date when service is made." *Id.* Accor was served approximately 114 days after the complaint was filed. Accordingly, Hoke's action was deemed to have been commenced on the date of service, July 1, 2004. The statute of limitations on Hoke's claim expired on March 6, 2004. Accordingly, the action was not timely filed. Hoke's argument is similar to one put before the United States District Court for Wyoming. *Hammons v. International Playtex, Inc.,* 676 F.Supp. 1114 (D.Wyo.1988), *vacated on parties stipulated dismissal* 872 F.2d 963 (10th Cir.1989). Applying Wyoming law in a diversity case, that court considered whether an action was timely when the complaint was filed one day before the expiration of the statute of limitations and service was not effectuated until 113 days after the filing of the complaint. The court responded to arguments made by the plaintiff that ·were similar to those propounded by Hoke here:

Rule 6(b)(2), however, does not permit federal courts to enlarge time periods established by statute. 4A C. Wright & A. Miller, *Federal Practice and Procedure* § 1165 at 473–75 (1987). Nor may Wyoming's Rules of Civil Procedure serve to "abridge, enlarge or modify ... the provisions of any statute of limitations." Wyo. Stat. § 5–2–115(b) (1977). The sixty-day period established by Wyoming Rule 3(b) is an integral part of the statute of limitations. Using Rule 6(b)(2) to enlarge that time would defeat the purpose of Wyoming Rule 3(b) and frustrate the policies behind the statute of limitations. The provisions of Rule 6(b)(2) may not be used to circumvent the statute of limitations.

*Hammons,* 676 F.Supp. at 1118. Hoke's interpretation would render the distinction in Rule 3(b) between service within 60 days, and that without, meaningless. We will not read any rule or statute or any part thereof to be a nullity. The district court was correct to give effect to Rule 3(b) and to dismiss the suit against Accor because it was commenced outside the statute of limitations period.

[¶ 12] In an alternative argument, Hoke contends that even if dismissal of her claims was proper, the district court erred in doing so with prejudice. Hoke's argument is predicated on the applicability of Wyoming's "saving" statute:

If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

Wyo. Stat. Ann. § 1–3–118 (LexisNexis 2005). Citing the Tenth Circuit sitting in a diversity action, Hoke claims that § 1–3–118 is designed to protect a plaintiff in situations wherein an action is filed in a timely manner

and the plaintiff makes a diligent, good faith effort to serve the defendant but is unable to complete service within the 60–day time period of Rule 3(b). *Rosa v. Cantrell*, 705 F.2d 1208 (10th Cir.1982), *certiorari denied*, 464 U.S. 821, 104 S.Ct. 85, 78 L.Ed.2d 94 (1983). She argues that the actions were commenced in due time as they were filed before the statute of limitations period expired. She further argues that the district court's dismissal for insufficient service was a failure other than upon the merits, and the saving statute gives her an additional one year to re-file her claims against the defendants. Citing *Rosa*, 705 F.2d at 1217–19; and *Clause v. Columbia Savings and Loan Association*, 16 Wyo. 450, 95 P. 54, 58–60 (1908). Accordingly, Hoke concludes that the district court erred by dismissing her claims with prejudice.

[¶ 13] In one form or another, Wyoming has had a saving statute on the books since 1886. In the intervening 120 years, we have substantively considered Wyo. Stat. Ann. § 1–3–118 or any of its previous incarnations in only one case.[9] *Clause*, 95 P. 54. In that case, the plaintiff, Columbia Savings and Loan Association, filed suit against the administrator of Robert O'Malia's estate for monies owed on a note. At that time, Wyoming law provided that a summons was generally to be directed to and served by the county sheriff; however, when the sheriff was named in the petition as a party defendant, the duty of serving and executing process devolved upon the coroner. Rev.St. 1899, §§ 3509, 3513 & 1172. The sheriff was

named as a defendant in this case, so service of the summons was accomplished by the county coroner on the administrator two days after the action was filed. The administrator "filed a motion to quash the service and summons on the ground that, though the sheriff was named as a defendant, it appeared from the allegations of the petition that he was neither a proper party nor interested in the action, and that the process had been improperly directed to and served by the coroner." *Clause*, 95 P. at 56. The district court quashed service. Later, plaintiff filed an amended petition and summons was completed on the administrator by the sheriff.[10] The matter proceeded to trial and judgment was awarded against the administrator. *Clause*, 95 P. at 57.

[¶ 14] On appeal, one of the issues before the court was whether the suit was barred under the applicable statute of limitations. *Clause*, 95 P. at 58–59. The administrator contended that the statute of limitations concerning actions upon a contract in writing had expired during the interim between the quashing of the summons and the filing of the amended petition. He argued that the summons and service thereof was not sufficient for the commencement of the action and, thus, the action could not be re-filed under the provisions of the saving statute.[11]

[¶ 15] The court first considered the effect of the statutes defining when an action was commenced:

> Within the meaning of the limitation statutes it is declared that "an action shall be

9. The saving statute was cited but not substantively discussed in the following cases: *Bell v. Schell*, 2004 WY 153, 101 P.3d 465 (Wyo.2004); *Terex Corporation v. Hough*, 2002 WY 112, 50 P.3d 317 (Wyo.2002); *Rodriguez v. Casey*, 2002 WY 111, 50 P.3d 323 (Wyo.2002); and *McAteer v. Stewart*, 696 P.2d 72 (Wyo.1985).

10. The amended complaint was dismissed by the district court on a demurrer by the administrator on the grounds that the statute of limitations had expired. On appeal, that decision was reversed and remanded for further proceedings on the grounds that in order to dismiss the petition on that basis, the district court had to consider information outside the petition and the court held that that was not proper in a demurrer. *Columbia Savings and Loan Association v. Clause*, 13 Wyo. 166, 78 P. 708 (1904).

11. The saving statute in effect at the time is substantially similar to the current version at Wyo. Stat. Ann. § 1–3–118 (LexisNexis 2005).

> If in an action commenced in due time, a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has at the date of such reversal or failure expired, the plaintiff, or if he die and the cause of action survive, his representatives may commence a new action within one year after such date, and this provision shall apply to any claim asserted in any pleading by a defendant.

Rev.St. 1899 § 3465.

deemed commenced ... as to each defendant, at the date of the summons which is served upon him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him; and when service by publication is proper, the action shall be deemed commenced at the date of the first publication, if the publication be regularly made." (Rev.St.1899, Sec.3461.) And that "an attempt to commence an action shall be deemed equivalent to the commencement thereof ... when the party diligently endeavors to procure a service; but such attempt must be followed by service within sixty days." *Id.* Sec. 3462.... The question is not affected, in our opinion, by section 3462, making an attempt to commence an action followed by service within sixty days equivalent to the commencement thereof; for here service was obtained upon the summons issued, and if the action was not commenced by the issuance and service of that summons, section 3465 [the saving statute] would not apply, and there would be no extension of the statutory period. But if the action was commenced, then section 3465 applies if there was a failure by the plaintiff otherwise than upon the merits. The court had unquestioned jurisdiction of the subject matter of the action; so that, if the service of the summons by the coroner conferred jurisdiction over the person of the defendant, the action must be held to have been commenced.

*Clause*, 95 P. at 59–60. In rejecting the administrator's argument, the court continued by focusing on whether the defect in the summons and service was void or voidable:

The mere fact that the service was quashed does not determine the question, for it is not every irregularity or imperfection in a summons or the service thereof which will deprive the court of jurisdiction, though it may justify or require the setting aside of service upon motion, or the reversal of a judgment upon a proper application. To have the effect of failing to give jurisdiction the summons or service must be so radically defective that it would authorize a collateral impeachment of a judgment rendered thereon; that is to say, it must be void, and not merely voidable.

[Citation omitted] ... It is to be remembered that, when the sheriff is a party to the case, the coroner is required to serve process. and perform all other duties of the sheriff. In this case as originally brought the sheriff was named as a party defendant. Had no question been raised as to parties, his name might have been retained as a party to the case. To determine the insufficiency of the summons and service it was necessary that the court look into the petition and the allegations thereof to ascertain and adjudge whether or not he had been properly named as a defendant. Had the plaintiff in error here, who had been joined with the sheriff as a defendant, not objected, we do not think that upon collateral attack, the judgment could have been held void on the ground of defective process because the sheriff had been improperly made a party. The coroner being an officer, authorized under certain circumstances to serve process, we are satisfied that service by him, though improper, and furnishing a reason for quashing service upon objection, or for reversal of the judgment, in case of the erroneous overruling of such an objection, does not have the effect of rendering the judgment absolutely void, or throwing it open to collateral impeachment, where, at least, the sheriff appears to have been named as a party to the cause.

The summons and service not having been void, but voidable only, the action was commenced within the meaning of section 3465. Upon the quashing of the service there was a failure otherwise than upon the merits, thus rendering Section 3465 applicable.

*Clause*, 95 P. at 59–60.

[¶ 16] Several general principles can be extracted from the *Clause* opinion: (1) as a threshold matter, the saving statute applies if, and only if, the action was commenced in due time (i.e., before any applicable statutes of limitations have run); (2) the key to determining if service was sufficient to commence an action is whether the court obtained jurisdiction over the party; and (3) if a defect in the summons in service would not render a subse-

quent judgment subject to collateral attack, then the summons and service is merely voidable, jurisdiction was obtained, and the action commenced; however, if the defect or irregularity is such that it would render any subsequent judgment vulnerable to a collateral attack, then the summons and service is void, jurisdiction was not obtained, the action did not commence, and the saving statute is not applicable.

[¶ 17] In addition to *Clause*, Wyoming's saving statute has been analyzed by the Tenth Circuit Court of Appeals sitting in a diversity action. In *Rosa*, the personal representative of the decedent's estate filed a wrongful death action against the defendant. The decedent was shot to death on July 15, 1978. The action was filed on July 14, 1980, in the United States District Court for the District of Wyoming, two days before the two-year statute of limitations expired. The plaintiff attempted to serve process but the defendant had fled the state. On September 4, 1980, the sheriff served a copy of the summons and complaint on the defendant's wife at her residence in Rock Springs. The plaintiff was unable to effect personal service on the defendant until October 17, 1980, in South Dakota. *Rosa*, 705 F.2d at 1210.

[¶ 18] The district court dismissed the complaint. The court concluded that the attempted service on September 4 at the defendant's wife's residence was void because it was not the defendant's usual place of abode. Since personal service had taken place outside of the 60–day period of W.R.C.P. 3(b), the district court concluded that the action was deemed commenced on the date of service, October 17, which was outside of the statute of limitations period. *Rosa*, 705 F.2d at 1210–11.

[¶ 19] On appeal, the Tenth Circuit panel reversed. Initially, the court concluded that delivery of the summons and complaint upon the defendant's wife at the home in Rock Springs was valid because there was no evidence that the defendant was legally separated from his wife, and it had been the defendant's usual place of abode until he absconded from the jurisdiction after murder-

ing the decedent. *Rosa*, 705 F.2d at 1212–1217. The court's opinion could have ended at that point: its ruling that service was effectuated on September 4 brought it within the 60–day period of W.R.C.P. 3(b) with the consequence that the action was deemed commenced when it was filed two days before the expiration of the statute of limitations.[12] Nevertheless, the court elected to proceed in dicta to discuss the applicability of Wyo. Stat. Ann. § 1–3–118.

[¶ 20] The court began by looking at the purpose behind saving statutes:

This type of statute is almost universally employed. Numerous states have adopted some species of this saving statute. Therefore there is a good deal of litigation which deals with it. This is not a new provision; it has been adopted by a good many states, including Wyoming, but also including New York. It is an equitable provision which seeks to give a litigant who has brought the suit in due time within the statute of limitations an opportunity to refile the case where he has failed through no particular fault of his own. The philosophy behind it is very well enunciated in *Gaines v. City of New York*, 215 N.Y. 533, 109 N.E. 594 (1915). The statute is very similar to that which is enforced in Wyoming. The opinion by Mr. Justice Cardozo gives a general description of the statute in 109 N.E. at 596 as follows:

That the plaintiff's case is within the letter of the statute is hardly doubtful. He brought an action against the defendant, and the action was terminated otherwise than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute, or a final judgment upon the merits. If the protection of the statute is to be denied to him, it ought to be clearly shown that his case, though within the letter of the statute, is not within its reason. We think that the defendant has been unable to sustain that burden. *The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and*

---

12. The fact that the defendant had absconded from the state would also have tolled the period

within which the action could be brought. Wyo. Stat. Ann. § 1–3–116 (LexisNexis 2005).

*liberal purpose is not to be frittered away by a narrow construction.* The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate. This very question of the power of the City Court to determine actions against the city of New York will illustrate the truth. *O'Connor v. City of New York,* 51 Misc. Rep. 560, 101 N.Y.S. 295; *Id.,* 191 N.Y. 238, 83 N.E. 979. There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights. [Emphasis added in *Rosa.*]

There had been a failure of jurisdiction and that's why it was started over again and the court held that although the defendant argued that an action dismissed for want of jurisdiction was a nullity, that this is an extreme view and was inapplicable to the case. But the opinion explained that even where the jurisdiction fails the court has not lost all of its power to deal with the case. It is not dead. Mr. Justice Cardozo brought out that the statute, i.e., of limitations, was expanded though the earlier action was dismissed for lack of jurisdiction, either of the subject matter or of the person.

*Rosa,* 705 F.2d at 1217–18. After reviewing our decision in *Clause,* the *Rosa* court continued:

We hold that based upon the teaching of the *Clause* decision even if further service is necessary, the service of Sept. 4, 1980 at the abode of the defendant was not invalid and certainly was not void. Based upon that fact, the statute as to departure from the state, abscondence or concealment must be tolled in view of the avoidance antics of the defendant. The action was commenced. In our judgment the *Clause v. Columbia Savings & Loan Ass'n,*

though old, is a solid opinion and governs the saving clause problem that is here present.

An extensive annotation is found in 6 A.L.R. 3rd 1043, etc. and more particularly at 1047. The heading of the specific part of it is Rule that Renewal Statute is Applicable, § 3. The authors describe a vast number of cases under the following introductory statement:

According to what appropriately may be called a majority rule, renewal statutes, i.e. statutes permitting the reinstituting of suits disposed of on grounds not affecting the merits, are applicable to suits dismissed because of lack of jurisdiction. The following cases recognize the above rule either by their holdings or by statements to such effect.

Numerous cases set forth are state as well as federal courts. Particular attention is given to *Gaines v. New York,* the opinion of the New York Court of Appeals, which is set forth above.

. . . .

In conclusion our view is that it would be a terrible injustice if this case were to be dismissed based upon the service on the defendant being void, particularly in view of the conscientious efforts which were given to the serving. It would result in a principle which approves shooting and killing a human being and then escaping from liability avoiding being served with process, it means that an empty procedural incident can completely dispose of a case and deprive the injured party from her day in court. We conclude that regardless of the approach in this kind of situation the plaintiff in these circumstances is entitled to an opportunity to present her case. It is with that in mind that we must disagree with the decision of final dismissal by the trial court. We remand the cause for a trial.

*Rosa,* 705 F.2d at 1219–20.

[¶ 21] We do not find the Tenth Circuit's analysis persuasive under the circumstances before us for several reasons. Initially, there are some crucial factual differences that distinguish *Rosa* from this case. The defendant

in *Rosa* absconded from the jurisdiction and was deliberately attempting to avoid service. He was determined to have been properly served within the 60–day time period of W.R.C.P. 3(b) when the summons and complaint were left with an adult at his usual place of abode and, consequently, the action was deemed commenced when filed, which was prior to the running of the statute of limitations. In this case, there is no evidence that either defendant engaged in any action that could be characterized as designed to evade service. And, as we noted above, neither defendant was properly served before the expiration of the statute of limitations. Furthermore, the court's claim that the authorities establish a majority rule that saving statutes apply where an action was dismissed for lack of personal jurisdiction is not entirely accurate. In the very A.L.R. annotation cited by the court is the following introduction to a later section:

### [c]  Lack of personal jurisdiction

While recognizing—at least by implication—that the saving statute applies where the original action failed for lack of subject matter jurisdiction, a number of cases have expressed the view that where the original action was dismissed on the ground that the court lacked personal jurisdiction over the defendant, the saving statute does not apply.

6 A.L.R.3d § 4[c] at 1053 (see cases cited therein and in June 2005 supplement). The *Rosa* court also stressed the *Gaines* opinion from the New York Court of Appeals. Since that decision was rendered in 1915, however, courts from that jurisdiction have declared that "when an action is dismissed for lack of personal jurisdiction because service of the summons was defective, or because service never occurred [the New York saving statute] will not apply notwithstanding a defendant's actual notice, because the action was never 'commenced,' within the meaning of that statute." *Bishop v. Uno Pizza,* 188 Misc.2d 142, 144, 725 N.Y.S.2d 840, 842 (N.Y.Sup.Ct.2001) (citing *Parker v. Mack,* 61 N.Y.2d 114, 117, 472 N.Y.S.2d 882, 460 N.E.2d 1316, 1317 (N.Y.1984); and *Prevost v. Hartman,* 103 A.D.2d 842, 478 N.Y.S.2d 356 (N.Y.A.D.1984)).

[¶ 22]  The foregoing authorities holding that the saving statute does not apply when personal jurisdiction was not obtained are consistent with our holding in *Clause* that an action was commenced if service of process was sufficient, despite any defects, to confer personal jurisdiction over the defendant. It is also consistent with Wyoming's Constitution, statutes, and other case law jurisprudence. We have held that proper "service of process is a necessary condition precedent to the acquisition of personal jurisdiction under the Wyoming and federal Constitutions." *CRB v. State, Department of Family Services,* 974 P.2d 931, 934 (Wyo.1999); (citing Wyo. Const. art. 1, § 6; U.S. Const. Amend. XIV, § 1; and *Gookin v. State Farm Fire and Casualty Insurance Company,* 826 P.2d 229, 232 (Wyo. 1992)). We hold that for an action to be "commenced in due time" and trigger the tolling provision of Wyoming's saving statute, Wyo. Stat. Ann. § 1–3–118, service of process must be sufficient for the trial court to have obtained personal jurisdiction over the defendant. *Clause,* 95 P. at 59–60; W.R.C.P. 3(b).

[¶ 23]  Within that context, we turn to consider the present matter. The summons that was served on Motel 6 was void, not just voidable. The summons was not signed by the clerk of court or under the seal of the court as required by W.R.C.P. 4(b) nor was a complaint attached. These are not trivial defects. The purpose for service of process is to ensure notification to the defendant of the cause of action giving the defendant a full and adequate opportunity to defend against it. The requirement that the summons be signed by the clerk of court and under the seal of the court is to guarantee that the summons is legitimate and, of course, attaching the complaint thereto is what notifies the defendant of the substance of the action against him. The defect here is not akin to that in *Clause* where the summons was in compliance with all requirements except that it was served upon the defendant by the wrong person. The *Clause* defendant, unlike Motel 6, had notice of the legitimacy of the action and the nature of the complaint against him. The defect in the summons served upon Motel 6 was so defi-

cient that any judgment against it was susceptible to collateral attack. Hoke recognized this when she conceded before the trial court that the default judgment against Motel 6 had to be vacated. The summons on Motel 6 being void, the rule in *Clause* applies and the action against Motel 6 was not commenced within the statute of limitations period and the saving statute is not applicable. Accordingly, the district court's dismissal with prejudice was proper.

■ [¶ 24] There is no question that the service upon Accor complied in all respects with the requirements of Rule 4. Service, however, was accomplished on Accor 114 days after the filing of the complaint. Pursuant to W.R.C.P. 3(b), when service is effectuated more than 60 days after the filing of the complaint, the action is deemed to have commenced on the date of service. Since the statute of limitations expired on March 6, 2004, and service was made on Accor on July 1, 2004, application of Rule 3(b) would mean that the action was commenced outside of the statute of limitations period. As we have already held, the effect of Rule 3(b) cannot be simply ignored. We have applied the rule in at least one other situation that is analogous to the one before us. *See. Tarter v.*

*Insco,* 550 P.2d 905 (Wyo.1976) (statute that tolls statute of limitations when the defendant has absconded from the jurisdiction to avoid service is not applicable where another statute provided for substituted service on the Secretary of State and actual service was made on the Secretary 118 days after filing of the complaint and where the statute of limitations expired in the interim between filing and service of the complaint). Since the action against Accor was commenced after the expiration of the statute of limitations, it had not "commenced in due time" as required by the saving statute at Wyo. Stat. Ann. § 1–3–118. The district court properly dismissed the claim against Accor with prejudice.

## CONCLUSION

[¶ 25] The order of the district court dismissing Hoke's claims against Motel 6 and Accor with prejudice is affirmed.