**Larry D. CONNELL, Appellant (Plaintiff),**

v.

**James H. BARRETT and John A. Zebre, Appellees (Defendants).**

No. 97–48.

Supreme Court of Wyoming.

Dec. 10, 1997.

Larry D. Connell, Pro Se.

Ronald L. Brown, Fort Collins, Colorado, for Appellee Barrett.

W.W. Reeves and Timothy W. Miller of Reeves & Miller, Casper, for Appellee Zebre.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Larry Connell appeals from the summary judgment which was granted in favor of Appellees James Barrett and John Zebre.

We affirm.

## ISSUES

Connell presented numerous issues for our review. We have consolidated and condensed those issues into three primary questions: (1) whether the statute of limitations bars the legal malpractice claims; (2) whether a genuine issue of material fact exists; and (3) whether Connell had separate contract and negligence claims which were not barred by the statute of limitations.

## FACTS

A federal grand jury returned a sixty-four-count indictment against Connell, charging him with conspiracy, money laundering, drug dealing, and participating in a continuing criminal enterprise. Barrett and Zebre represented Connell in this criminal matter.

Barrett negotiated a plea agreement under which the government would dismiss sixty-two of the sixty-four felony charges in exchange for Connell pleading guilty to one count of conspiracy to launder money and one count of conspiracy to distribute a controlled substance. Connell accepted the plea agreement and agreed to cooperate with the government, to truthfully testify at motion hearings and trials, and to forfeit certain property to the government. The government agreed that, if Connell fully cooperated and followed the terms of the plea agreement, it would move for a two-level reduction

in his sentence within one year of his sentencing.

After Connell pleaded guilty and before he was sentenced, a dispute arose over the weight of the drugs which were associated with the remaining charges. The government contended that the drugs weighed 865.6 kilograms and that the crime was within a sentencing level of thirty. Connell asserted that the drugs weighed 616.1 grams and that the crime fell within a sentencing level of twenty-eight. At the November 26, 1991, sentencing hearing, the court agreed with the government's computation and applied the sentencing level of thirty. As a result, Connell received a ninety-seven-month sentence.

Barrett filed a notice of appeal on behalf of Connell, claiming that the court erred when it applied the sentencing level of thirty rather than applying the sentencing level of twenty-eight. After filing the notice of appeal, Barrett accepted a position with the federal public defender's office. Since Connell was indigent, Barrett assisted him in filing the appropriate motions so that he could retain Barrett as his counsel. The court appointed Barrett to represent Connell in his appeal proceedings. The United States Court of Appeals for the Tenth Circuit ultimately affirmed Connell's sentence.

Barrett wrote to the government, asking it to file the motion to reduce Connell's sentence pursuant to the plea agreement. The government claimed that Connell did not cooperate with it and refused to file the motion. Instead of challenging the government's refusal to request a reduction in his sentence, Connell wrote a letter to Barrett, accusing him of ignoring legal requests and threatening to bring a malpractice action against him. Connell subsequently wrote another letter to Barrett's supervisor, asserting the same allegations and requesting legal assistance. Barrett's supervisor informed Connell that a conflict of interest existed between the public defender's office and him as a result of his allegations and advised him to ask the court to appoint counsel to represent him.

Connell filed an action in the state district court against Barrett and Zebre, alleging attorney malpractice and negligence, breach of a written and oral contract, negligent misrepresentation, intentional misrepresentation, and breach of fiduciary duties. Barrett and Zebre each moved for a summary judgment on the ground that the action was barred by the statute of limitations pursuant to Wyo. Stat. § 1–3–107(a)(i) (1997). The district court granted the motions for summary judgments and assessed attorneys' fees against Connell. Connell appeals from that order.

## STANDARD OF REVIEW

A summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Kirkwood v. CUNA Mutual Insurance Society*, 937 P.2d 206, 208 (Wyo.1997); *see also* W.R.C.P. 56(c). Generally, a summary judgment on the issue of when a statute of limitations commences is inappropriate because the issue is usually a mixed question of law and fact. *Hiltz v. Robert W. Horn, P.C.*, 910 P.2d 566, 569 (Wyo.1996). However, if uncontroverted facts reveal when a reasonable person should have been placed on notice, we can resolve the question as a matter of law. *Id.*

## DISCUSSION

■ Connell contends that the district court improperly granted a summary judgment because a genuine issue of material fact existed with regard to when he knew or had reason to know that he had a legal malpractice cause of action. Barrett and Zebre argue that the two-year limitation specified in § 1–3–107(a)(i) barred Connell's legal malpractice claims. That statute provides:

> (a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
>
> (i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

(A) Not reasonably discoverable within a two (2) year period; or

(B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

Section 1–3–107(a)(i).

Connell claims that Barrett and Zebre were responsible for a calculation error in the weight of the marihuana and that this miscalculation extended his sentence by thirty-seven months. He asserts that, therefore, the statute of limitations did not begin to run until June of 1994 when he actually started serving the additional thirty-seven months. Connell also contends that Barrett and Zebre were negligent when they failed to obtain a two-level reduction in his sentence and that he could not discover this act until he began to serve the time which would have been cut from his sentence had the government requested the sentence reduction.

Section 1–3–107(a)(i) clearly provides that a legal malpractice cause of action must be commenced not more than two years after the discovery of the alleged act, error, or omission. Because Wyoming is a "discovery" state, the running of the statute of limitations is not triggered until such time as the plaintiff knows or has reason to know that a cause of action exists. *Bredthauer v. Christian, Spring, Seilbach and Associates*, 824 P.2d 560, 562 (Wyo.1992); *Mills v. Garlow*, 768 P.2d 554, 555 (Wyo.1989).

The dates surrounding the events in this case are not in dispute. On November 26, 1991, the court resolved the weight dispute in the government's favor and used that weight computation in imposing Connell's ninety-seven-month sentence. Connell knew or had reason to know on that date that he had a cause of action concerning his claim that Barrett and Zebre were responsible for the error which occurred in calculating the weight of the marihuana. The statute of limitations, therefore, began to run on November 26, 1991, for this claim.

■ With regard to Connell's claim that Barrett and Zebre were negligent when they failed to obtain the sentence reduction, the government agreed to request a sentence reduction within one year after Connell was sentenced. Connell knew or had reason to know on November 26, 1992, one year after the court imposed his sentence, that the government had not filed its motion within the specified time and that his sentence was not going to be reduced. The statute of limitations, therefore, began to run on November 26, 1992, for this claim.

Connell filed his malpractice action on March 28, 1996, more than two years after the dates on which he knew or had reason to know that he had causes of action; therefore, he did not file his action within the time prescribed by the statute of limitations.

■ Connell contends that the continuous representation doctrine tolled the statute of limitations. He maintains that Barrett and Zebre did not formally terminate their attorney-client relationship with him and that they continuously represented him until he filed his malpractice action on March 28, 1996.

Wyoming has not adopted the continuous representation doctrine. *Hiltz*, 910 P.2d at 571. "The continuing representation doctrine is absent from our legal malpractice statute, and we decline to judicially adopt such a provision." *Id.* The district court correctly refused to apply this doctrine to toll the statute of limitations in this matter.

We do not need to address the issue of whether a genuine issue of material fact existed because our ruling that § 1–3–107(a)(i) barred Connell from bringing his malpractice action is dispositive of this issue. *Fowler v. Fowler*, 933 P.2d 502, 506 (Wyo.1997).

Connell also addresses the issue of whether he had separate contract and negligence claims for which the statute of limitations had not yet run. He has failed to cite authority or present cogent argument. This Court refuses to consider positions which are not supported by cogent argument or pertinent authority. *Coones v. Federal Deposit Insurance Corporation*, 894 P.2d 613, 617 (Wyo.1995).

Affirmed.