# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 147

OCTOBER TERM, A.D. 2014

*November 18, 2014*

COURTNEY C. BOUTELLE,

Appellant
(Plaintiff),

v.

S-14-0060

CLINTON T. BOUTELLE,

Appellee
(Defendant).

*Appeal from the District Court of Park County*
*The Honorable Steven R. Cranfill, Judge*

*Representing Appellant:*
Larry B. Jones and Colin M. Simpson of Simpson, Kepler & Edwards, LLC, The Cody, Wyoming division of Burg Simpson Eldredge Hersh and Jardine, P.C., Cody, WY. Argument by Mr. Jones.

*Representing Appellee:*
Curtis B. Buchhammer of Buchhammer & Kehl, P.C., Cheyenne, WY.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]   Courtney Boutelle (Sister) filed a negligence action against her brother Clinton Boutelle (Brother) in the Fifth Judicial District Court, Park County, Wyoming, for injuries sustained in a single-vehicle accident that occurred in Montana.  Applying Wyoming's borrowing statute, the district court found that Sister's action was barred by Montana's three-year statute of limitations and granted Brother's motion for summary judgment.  We affirm.

## ISSUES

[¶2]   Sister states the issues on appeal as follows:

> I.      In applying Wyoming's "Borrowing Statute", Wyo. Stat. Ann. § 1-3-117 (LexisNexis 2013) and holding that Montana's three-year statute of limitations for personal injuries applied in this instance, the lower court failed to correctly apply the relevant Montana case law and statutory provisions.
>
> II.      This Court should adopt an interest analysis in determining "where the cause arose," which analysis would result in a determination that it arose in Wyoming and the cause of action is timely.

## FACTS

[¶3]   On February 28, 2009, Sister and Brother were in a single-vehicle accident. Brother was driving the vehicle and there were three passengers in addition to Sister. Brother and Sister were both residents of Cody, Wyoming at the time of the accident, which occurred on I-90 in Sweet Grass County, Montana, as the group of five was returning from a hockey game in Missoula, Montana.

[¶4]   On February 27, 2013, Sister filed a Complaint against Brother in the Fifth Judicial District Court, Park County, Wyoming.  Sister alleged that Brother's negligent operation of the vehicle caused the February 28, 2009 accident and that, as a result of Brother's negligence, Sister sustained injuries, damages, and losses.  With respect to the claimed negligence, Sister alleged that Brother encountered fog on the highway and hit the brakes, causing the back end of the vehicle to slide sideways into the median and the vehicle to roll 1.25 times.  More specifically, Sister alleged that Brother's negligence included:

> a.      failing to maintain a proper lookout;

1

b.    failing to maintain control of the vehicle he was driving;

c.    driving too fast for conditions;

d.    driving at an excessive speed for the circumstances;

e.    driving carelessly;

f.    driving in a manner that was not reasonable under the circumstances;

g.    violating the traffic laws of the state of Montana.

[¶5]    On September 9, 2013, Brother moved for summary judgment, contending that Sister's negligence action was barred by the statute of limitations. Specifically, Brother asserted that because the accident occurred in Montana, Wyoming's borrowing statute required application of Montana's three-year statute of limitations, rather than Wyoming's four-year statute, and Sister's action was therefore barred. On January 15, 2014, the district court issued a decision letter granting Brother's summary judgment motion. The court concluded that the damage and all of the elements necessary for Sister's cause of action occurred in Montana and therefore the cause of action arose in Montana and Montana's statute of limitations applied. On February 6, 2014, the court issued its Order Granting Defendant's Motion for Summary Judgment, and on February 11, 2014, Sister filed her Notice of Appeal.

## STANDARD OF REVIEW

[¶6]    We review an order granting summary judgment using the following standard of review:

> We review a summary judgment in the same light as the district court, using the same materials and following the same standards. [*Snyder v. Lovercheck*, 992 P.2d 1079, 1083 (Wyo. 1999) ]; *40 North Corp. v. Morrell*, 964 P.2d 423, 426 (Wyo. 1998). We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id*. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Id*. If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. *Roberts v. Klinkosh*, 986 P.2d 153, 155 (Wyo. 1999); *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 519 (Wyo. 1994). We

2

review a grant of summary judgment deciding a question of law de novo and afford no deference to the district court's ruling. *Roberts v. Klinkosh*, 986 P.2d at 156; *Blagrove v. JB Mechanical, Inc.*, 934 P.2d 1273, 1275 (Wyo. 1997).

*Inman v. Boykin*, 2014 WY 94, ¶ 20, 330 P.3d 275, 281 (Wyo. 2014) (quoting *Moats v. Prof'l Assistance, LLC*, 2014 WY 6, ¶ 17, 319 P.3d 892, 896 (Wyo. 2014)).

[¶7]   "Whether an action is barred by the statute of limitations is a question of law that this Court reviews de novo." *Inman*, ¶ 21, 330 P.3d at 281 (citing *Hoke v. Motel 6 Jackson*, 2006 WY 38, ¶ 6, 131 P.3d 369, 373 (Wyo. 2006)).

## DISCUSSION

[¶8]   Wyoming has a four-year statute of limitations for personal injury actions. Wyo. Stat. Ann. § 1-3-105(a)(iv)(C) (LexisNexis 2013). Montana has a three-year statute of limitations for personal injury actions. Mont. Code Ann. § 27-2-204 (2014). The question presented by this appeal is whether Wyoming's borrowing statute makes Montana's shorter statute of limitations applicable to Sister's action, or whether Wyoming's longer statute of limitations applies. We conclude that the district court correctly ruled that pursuant to Wyoming's borrowing statute, Montana's three-year statute of limitations was the applicable statute.

[¶9]   Wyoming's borrowing statute provides that "[i]f by the laws of the state or country where the cause of action arose the action is barred, it is also barred in this state." Wyo. Stat. Ann. § 1-3-117 (LexisNexis 2013). The borrowing statute was a legislative effort to eliminate the confusion created by choice of law determinations that depended on whether a limitation period was classified as substantive or procedural:

> At common law, the limitation period of the forum jurisdiction, the lex fori, generally controlled the time within which causes of action had to be pursued, regardless of the fact that the cause itself in all its elements may have accrued outside the forum jurisdiction. Only when the limitation of action statute of the foreign jurisdiction in which the cause arose could be deemed substantive law rather than procedural would the foreign statute be applied by the forum court. *Parish v. B. F. Goodrich Co.*, 1975, 395 Mich. 271, 235 N.W.2d 570; Ehrenzweig, Conflict of Laws § 161 (1962); Vernon, Statutes of Limitation in the Conflict of Laws; Borrowing Statutes, 32 Rocky Mtn.L.Rev. 287 (1960). In order to avoid the confusion and problems associated with attempting to determine when a foreign limitation of action

statute was substantive or procedural, a majority of states, including Wyoming, enacted what are referred to as "borrowing" statutes. Section 1-3-117, W.S.1977, which we find to be controlling in this regard, is simple and clear:

> "If by the laws of the state or country where the cause of action arose the action is barred, it is also barred in this state."

*Duke v. Housen*, 589 P.2d 334, 341-42 (Wyo. 1979) (footnote omitted).

[¶10]   The "bottom line purpose" of Wyoming's borrowing statute is to bar a suit "if the right to sue had already expired in another jurisdiction where the crucial combination of circumstances giving the right to sue had taken place, the existence of which affords a party a right to judicial interference in his behalf." *Duke*, 589 P.2d at 342-43 (citing *Cope v. Anderson*, 331 U.S. 461, 67 S.Ct. 1340, 1343, 91 L.Ed. 1602 (1947)).   We have explained:

> The limitation of action statute of the foreign jurisdiction in which the cause in question arose is applied by the forum court irregardless (sic) of whether or not the foreign limitation could be characterized as substantive or procedural.   Thus, in almost all instances, if a plaintiff's cause of action is time-barred in the jurisdiction in which the cause of action arose, it would be barred by the passage of time in the forum court as well.   Such a rule not only clears up any substantive procedural conflict problem, but eliminates as well the possibility of the plaintiff shopping for a favorable forum in which to revive a dead claim.

*Duke*, 589 P.2d at 344.

[¶11]   The district court concluded that because the vehicle accident and Sister's injuries occurred in Montana, her cause of action arose in Montana.   The court thus ruled that, in accordance with Wyoming's borrowing statute, Montana's three-year statute of limitations applied and barred Sister's cause of action.   Sister does not dispute that if Montana's three-year statute of limitations applies, then her action was not timely filed. Sister instead contends that Montana's three-year statute of limitations should not apply, offering two arguments to support her position.   First, Sister contends that when a Wyoming court applies Montana's statute of limitations, it must also apply Montana's choice of law statutes, and those choice of law statutes in turn dictate that it is Wyoming's statute of limitations, not Montana's, that must be applied.   Alternatively, Sister urges this Court to revise its test for determining where a cause of action arises for purposes of the borrowing statute, and based on that revised analysis, hold that Sister's

4

cause of action arose in Wyoming, making the borrowing statute and Montana's three-year statute of limitations inapplicable. We will address each of these arguments in turn.

## A.      Application of Montana's Choice of Law Statutes

[¶12] Wyoming's borrowing statute operates by "fixing the statute of limitations of this state to be the same as that of the jurisdiction in which the cause of action arose." *Duke*, 589 P.2d at 342; *see also BHP Petroleum (Americas), Inc. v. Texaco Exploration and Prod., Inc.*, 1 P.3d 1253, 1256 (Wyo. 2000) (under Wyoming's borrowing statute, resolution of statute of limitations question controlled by determination of where cause of action arose). In determining where the cause of action arose, we look to the substantive law where the wrong occurred:

> It is thoroughly established as a general rule that the lex loci delicti, or the law of the place where the tort or wrong has been committed, is the law that governs and is to be applied with respect to the substantive phases of torts or the actions therefor, and determines the question of whether or not an act or omission gives rise to a right of action or civil liability for tort.

*Jack v. Enterprise Rent-A-Car Co. of Los Angeles*, 899 P.2d 891, 894 (Wyo. 1995) (quoting *Ball v. Ball*, 269 P.2d 302, 304 (Wyo. 1954)); *see also Duke*, 589 P.2d at 342; *Tolman v. Stryker Corp.*, 926 F.Supp.2d 1255, 1258 (D. Wyo. 2013).

[¶13] Because the vehicle accident occurred in Montana, we look to Montana law to determine when and where the cause of action arose. Under Montana law, "a cause of action grounded in negligence accrues when the negligent act or omission occurs." *Bekkedahl v. McKittrick*, 2002 MT 250, ¶ 20, 58 P. 3d 175, 179 (Mont. 2002). Here, the alleged negligent act was Brother's operation of the vehicle resulting in the accident, all of which occurred in Montana. Thus, the cause of action arose in Montana. *See also Beedie v. Shelley*, 610 P.2d 713, 716 (Mont. 1980) (holding that statute of limitations for negligence cause of action began running on date of vehicle accident).

[¶14] Sister acknowledges for purposes of her first argument that under Montana law the cause of action did indeed arise in Montana. Sister contends, however, that this does not resolve the matter because a further step must be taken when a foreign jurisdiction's statute of limitations is applied under Wyoming's borrowing statute. Sister argues that when a Wyoming court applies a foreign jurisdiction's statute of limitations pursuant to Wyoming's borrowing statute, that Wyoming court must also consider and apply the foreign jurisdiction's applicable choice of law statutes or case law. Sister asserts that when that step is taken and Montana's choice of law statutes are consulted, the result is a referral under Montana law back to Wyoming's statute of limitations. Specifically, Sister

argues that under these circumstances, where two Wyoming residents are involved in a vehicle accident in Montana and an action is thereafter filed in Wyoming, Montana's applicable choice of law statutes direct that Wyoming's statute of limitations be applied.

[¶15]  It is true that when a foreign jurisdiction's statute of limitations is applied pursuant to Wyoming's borrowing statute, that statute must be applied with its surrounding framework of statutes and case law:

> But when such [limitational] statute is so borrowed, it is not wrenched bodily out of its own setting, but taken along with it are the court decisions of its own state which interpret and apply it, and the companion statutes which limit and restrict its operation.  This we think is the general law.  (Bracketed material added, footnote omitted.)

> Thus, in applying a "borrowed" statute, we must consider not only the borrowed limitation of action statute itself, but also any applicable tolling or other statutes as well as pertinent court cases. In effect, plaintiff's cause must be viewed as if filed in the state where under the laws of that state a cause of action accrued.

*Duke*, 589 P.2d at 345 (quoting *Devine v. Rook*, 314 S.W.2d 932, 935 (Mo. App. 1958)) (footnote omitted).

[¶16]  We do not agree, however, that this reference to the statute of limitations and its surrounding framework requires that we apply the foreign jurisdiction's choice of law statutes or case law.  Instead, we will adhere to the majority rule, which is captured as follows:

> The general view is that where a question comes before a court which, according to the law of the forum as to conflict of laws, is to be determined by the law of another jurisdiction, ***the question is determined by the law of such other jurisdiction applicable to the precise question; the law of such other jurisdiction as to conflict of laws is not taken into consideration***.

> The "renvoi doctrine" provides that when the forum court's choice-of-law-rules would apply the substantive law of a foreign jurisdiction to the case before the forum court, the forum court may apply the whole body of the foreign

jurisdiction's substantive law including the foreign jurisdiction's choice-of-law rules. The doctrine of renvoi has been repudiated by many American authorities on the basis that it is likely to result in the court's pursuing a course equivalent to a never-ending circle. Additionally, it has even been referred to as "the dreaded renvoi doctrine." It has been claimed, however, that the precise limits of the applicability of the renvoi principle are as yet undefined and that, at least under some circumstances, the courts of the forum in referring to the law of another state or country should look at the "whole law" of such other state or country, including its conflict of laws rules.

16 Am. Jur. 2d *Conflict of Laws* § 6 (2014) (emphasis added and footnotes omitted); *see also* James P. George, Stephanie K. Marshall, Lisa A. Goodman, *Conflict of Laws*, 65 SMU L. Rev. 391, 422, n.106 (2012) ("Although commentators defend the limited use of renvoi, they acknowledge its general lack of acceptance in the United States except in limited circumstances, usually found in statutes directing the use of renvoi."); *Hobbs v. Firestone Tire & Rubber Co.*, 195 F.Supp. 56, 63 (N.D. Ind. 1961) (Kentucky auto accident case in which court rejected renvoi doctrine when applying Indiana's borrowing statute and observed that renvoi "is not a part of the law of the United States").

[¶17] Wyoming's borrowing statute is itself a choice of law statute. As this Court explained in *Duke* in rejecting application of a conflicts analysis to the statute of limitations question in that case, "Any conflict has been erased by the legislature by enactment of the 'borrowing' statute fixing the statute of limitations of this state to be the same as that of the jurisdiction in which the cause of action arose." *Duke*, 589 P.2d at 342. Were we to apply not only Montana's statute of limitations but also its choice of law principles, we would undermine the very choice of law made by Wyoming's legislature. Moreover, application of Montana's choice of law statutes would result in precisely the type of circular reasoning that has led to a majority rejection of the renvoi doctrine. If we were to apply Montana's choice of law statutes, those statutes would refer us back to Wyoming's law governing the statute of limitations, which presumably would include Wyoming's borrowing statute, which would refer us again to Montana law, and so on in a continuous looping fashion. For these reasons, we hold that when applying a foreign jurisdiction's statute of limitations pursuant to Wyoming's borrowing statute, a Wyoming court should not also consider or apply that foreign jurisdiction's choice of law statutes or case law.

**B.    Application of Interest Analysis to Determine Where Action Arose**

[¶18] Sister has made two arguments on appeal. In Sister's first argument, which we addressed above, Sister accepted the premise that her cause of action arose in Montana

and that Wyoming's borrowing statute required application of Montana's statute of limitations. In other words, Sister worked from the premise that Montana's statute of limitations applies, but in applying the Montana limitations statute, she contended that Montana's choice of law statutes were also implicated and mandated a loop back to make the Wyoming statute of limitations controlling. Perhaps anticipating this Court's rejection of that argument, as we did above, Sister offers a second argument, which she presents in the alternative.

[¶19] In Sister's second argument, Sister changes course and contends that Wyoming's borrowing statute should not apply at all because her cause of action arose in Wyoming, not in Montana. To reach this end, Sister asks this Court to abandon its established test for determining where a cause of action arose and instead adopt an interest analysis to make that determination. Specifically, Sister invites this Court to adopt the interest analysis defined by the *Restatement (Second) of Conflicts of Laws*, which Sister argues would require that the determination of where a cause of action arose be based on which state has the more significant interest in applying its statute of limitations. We conclude that Sister's proffered interest analysis is essentially a misplaced conflict of laws analysis, and we therefore decline her invitation.

[¶20] This Court has described the Second Restatement approach to a conflicts question as follows:

> The Second Restatement method is constructed around the principle that the state with the most significant contacts to an issue provides the law governing that issue. *See* [*Ingersoll v. Klein*,] 46 Ill.2d 42, 262 N.E.2d [593] at 594-95 [Ill.1970]. A court therefore conducts a separate choice-of-law analysis for each issue in a case, attempting to determine which state has the most significant contacts with that issue. *International Adm'rs, Inc. v. Life Ins. Co. of North America*, 753 F.2d 1373, 1376 n. 4 (7th Cir.1985). The Second Restatement enumerates specific factors that identify the state with the most significant contacts to an issue, and the relevant factors differ according to the area of substantive law governing the issue and according to the nature of the issue itself. *See, e.g.*, Restatement (Second) at §§ 6, 145, 188. To properly apply the Second Restatement method, a court must begin its choice-of-law analysis with a characterization of the issue at hand in terms of substantive law. *Id*. at § 7. By prescribing this analytical approach, the Second Restatement follows the principle of *depecage*, which has been long applied in connection with various methods for choice of law.

See Willis L.M. Reese, *Depecage: A Common Phenomenon in Choice of Law*, 73 Colum. L.Rev. 58 (1973).

*Act I, LLC v. Davis*, 2002 WY 183, ¶ 10, 60 P.3d 145, 149 (Wyo. 2002) (quoting *Ruiz v. Blentech Corporation*, 89 F.3d 320, 323-24 (7th Cir. 1996)).

[¶21] We also observed in that same case, however, that before this Court or any court may engage in a conflict of laws analysis of an issue, there must first be a conflict to address.

> When parties dispute the applicable law, there must be an actual conflict between the laws or interests of Wyoming and the laws or interests of another state. In the absence of a conflict, there is no need for the court to engage in a conflict of laws analysis.

*Act I*, ¶ 10, 60 P.3d at 149.

[¶22] Certainly there is a conflict between Wyoming's four-year statute of limitations and Montana's three-year statute of limitations. Sister's argument in favor of adopting the Second Restatement analysis is not, however, directed at that conflict, because, of course, Wyoming's borrowing statute has resolved the conflict by choosing the statute of limitations of the state where the cause of action arose. Sister's argument instead proposes using a Second Restatement interest analysis to address the discrete issue of where the cause of action arose. In so advocating, Sister is doing precisely what this Court cautioned against in *Act I*—arguing for a conflicts analysis where no conflict exists.

[¶23] In asking this Court to engage in a Second Restatement analysis of Wyoming's and Montana's competing interests in determining where the cause of action arose for purposes of applying Wyoming's borrowing statute, Sister presumes that a conflict exists between the laws of Wyoming and Montana on this question. In fact, no such conflict exists. As discussed above, under Montana law, a cause of action for negligence arises when and where that negligence takes place. The law is virtually the same in Wyoming. Under Wyoming law, a "cause of action accrues when the forces wrongfully put in motion by the defendant produce injury." *Cross v. Berg Lumber Co.*, 7 P.3d 922, 930 (Wyo. 2000) (citing *Duke*, 589 P.2d at 343)).

[¶24] The negligent operation of the vehicle alleged by Sister occurred in its entirety in Montana; the accident occurred in Montana; and Sister's injuries occurred in Montana. Under either Wyoming or Montana law, Sister's cause of action arose in Montana. We thus have no conflict of laws on the question of where Sister's cause of action arose and no need to resort to the Second Restatement interest analysis to resolve a conflict on that

issue. Because the cause of action arose in Montana, Wyoming's borrowing statute made Montana's three-year statute of limitation the governing statute, and the district court correctly applied that limitations period in barring Sister's action.

## CONCLUSION

[¶25] The district court correctly rejected application of Montana's choice-of-law statutes in applying Wyoming's borrowing statute, correctly determined that Sister's cause of action arose in Montana, and correctly applied Montana's three-year statute of limitations to bar Sister's cause of action. Affirmed.