# IN THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 54

APRIL TERM, A.D. 2025

May 20, 2025

NICHOLE M. GROFF,

Appellant
(Plaintiff),

v.

McKELLAR TIEDEKEN & SCOGGIN, LLC
and SEAN W. SCOGGIN, ESQ.,

Appellees
(Defendants).

S-24-0229

*Appeal from the District Court of Goshen County*
*The Honorable Keith G. Kautz, Judge*

*Representing Appellant:*
O. Shane Balloun, Balloun Law Profession Corporation, Bellingham, Washington, and Jorge Schmidt, Legal Schmidt, PLLC, St. Petersburg, Florida. Argument by Mr. Balloun and Mr. Schmidt.

*Representing Appellee:*
Billie L.M. Addleman, Christine Lynn Jordan, and Jacob Laurence Vogt, Hirst Applegate, LLP, Cheyenne, Wyoming. Argument by Mr. Vogt.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, and FENN, JJ., and ROBINSON, D.J.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**ROBINSON, District Judge.**

[¶1]    Nichole Groff filed suit against Sean Scoggin and his law firm, McKellar, Tiedeken & Scoggin, LLC (Firm) after they represented her in a divorce action.  The district court concluded her lawsuit was untimely and granted summary judgment in favor of Mr. Scoggin and the Firm.  Ms. Groff appealed, and we affirm.

## ISSUES

[¶2]    We restate the parties' issue as follows:

  I.    Did the district court err when it determined Ms. Groff's legal malpractice action was barred by the two-year statute of limitations as required by Wyo. Stat. Ann. § 1-3-107(a) (2023)?

  II.    Does the "continuous treatment" rule apply to legal malpractice actions?

## FACTS

**The Divorce Action**

[¶3]    Nichole M. Groff and Richard M. Groff married on April 4, 2008.  In April 2018, Ms. Groff decided to divorce Mr. Groff and retained Mr. Scoggin and the Firm to represent her.  On April 26, 2018, Mr. Scoggin filed a complaint for divorce on behalf of Ms. Groff.  The district court issued an order requiring pretrial disclosures be made by September 10, 2018, discovery be completed by March 1, 2019, and pretrial disclosures and statements to be filed by March 22, 2019.  It also scheduled the bench trial for April 23–24, 2019.

[¶4]    Mr. Groff made his initial disclosures in June 2018, served his discovery requests in October 2018, and deposed Ms. Groff in January 2019.  Mr. Scoggin made Ms. Groff's initial disclosures in February 2019.  He did not depose Mr. Groff.  Also in February 2019, Mr. Groff filed a motion for a mutual restraining order, alleging Ms. Groff had taken personal property from him.  Mr. Scoggin did not respond to the motion.  On March 1, 2019, Mr. Groff filed a motion for sanctions for alleged discovery violations, among other reasons.  Mr. Scoggin did not respond to the motion.  In March 2019, Mr. Scoggin filed Ms. Groff's pretrial memorandum, but it was unsigned.

[¶5]    The district court vacated the bench trial scheduled for April 23–24, 2019, and rescheduled the trial for May 23–24, 2019.  About a week before trial, Mr. Groff filed a motion to strike Ms. Groff's exhibits because Mr. Scoggin had not provided them to opposing counsel.  The district court determined Ms. Groff could not present any evidence at trial other than that disclosed in her pretrial disclosures because her pretrial

1

memorandum was not signed and Mr. Scoggin had not exchanged exhibits with opposing counsel.

[¶6]    On the first day of trial, Ms. Groff alleged Mr. Groff had not disclosed certain financial accounts in discovery and the accounts were potentially worth $204,000.  The next day, the district court met with counsel in chambers.  Mr. Scoggin and the Firm indicated Ms. Groff may request a continuance of the trial based upon the need to further review the financial accounts.  Mr. Groff opposed a continuance.  The parties stipulated to allowing introduction of an exhibit related to one of the financial accounts.  Thereafter, the district court summarized the in-chambers discussion on the record and inquired whether Ms. Groff sought a continuance:

> The Court:    -- you folks mentioned back in chambers you may want a continuance.  With this stipulation going forward do you want to proceed?
>
> Mr. Scoggin: If I may have just one moment, Your Honor, just so I can see.
>
> The Court:    Please.
>
> (Discussion between counsel and plaintiff.)
>
> Mr. Scoggin: Your Honor, my understanding is that she is prepared to go forward at this point with that stipulation.

No continuance was requested and the trial was completed that day.

[¶7]    On May 31, 2019, the district court issued an oral ruling granting the parties a divorce and dividing the marital property and debt.  Ms. Groff was awarded property valued at $3,529,944.00, while Mr. Groff was awarded property valued at $3,525,858.17.  Ms. Groff was held in contempt for failing to return personal property to Mr. Groff, but was allowed to purge her contempt if she arranged to have the property returned.  A divorce decree consistent with the oral ruling was entered June 19, 2019.

[¶8]    On June 27, 2019, Mr. Scoggin sent Ms. Groff a letter declining to further represent her based upon her failure to pay attorney fees.  In this letter, Mr. Scoggin informed Ms. Groff she had until July 22, 2019, to file an appeal.  Mr. Scoggin filed a motion to withdraw as Ms. Groff's attorney on July 12, 2019; an order allowing counsel's withdrawal followed on July 17, 2019.

**The Malpractice Action**

[¶9]  Ms. Groff filed her complaint for legal malpractice against Mr. Scoggin and the Firm on June 7, 2021.  The complaint alleged:

> While Mr. Scoggin's representation of [Ms. Groff] fell below the accepted standard of care throughout the whole case, his failure to do anything about undisclosed evidence, his failure to mitigate damages for [Ms. Groff] with further filings after the Decree of Divorce, and his withdrawal of representation before the 30 days was up to be able to fix the errors in the Decree was malpractice.

[¶10]  Mr. Scoggin and the Firm filed an answer to the complaint which included the statute of limitations as an affirmative defense and a counterclaim.  Appellees' breach of contract counterclaim alleged Ms. Groff had paid a retainer of $3,000.00 on August 1, 2018, the retainer was depleted by January 31, 2019, Ms. Groff made no payments since, and Ms. Groff owed Appellees $35,895.29 in legal fees.

[¶11]  After discovery, Mr. Scoggin and the Firm filed a motion for summary judgment, arguing Ms. Groff's complaint was barred by the two-year statute of limitations.  Ms. Groff disagreed, maintaining Mr. Scoggin and the Firm continued to represent her until at least July 12, 2019, when Mr. Scoggin filed his motion to withdraw.  She argued the statute of limitations given in Wyo. Stat. Ann. § 1-3-107(a) would not begin to run until Mr. Scoggin and the Firm's representation ended, based on the continuing representation rule.  Ms. Groff also filed a "counter-statement of material facts" pursuant to W.R.C.P. 56.1, and a sworn "declaration" that included specific factual allegations of legal malpractice.  She claimed the last alleged malpractice occurred on the second day of the divorce trial when Mr. Scoggin informed the court, without first consulting her, that a continuance of the trial was unnecessary.

[¶12]  The district court granted Mr. Scoggin and the Firm's summary judgment motion.  In its order, the court explained there were no disputed material facts, and wrote:

> [Ms. Groff] claims [Mr. Scoggin and the Firm] committed the following errors or omissions in a divorce case.  (See ¶3 of Defendant's 56.1 statement and ¶15 of Plaintiff's 56.1 statement):
>
>   a. lack of preparation/procrastination
>   b. inadequate discovery
>   c. failure to depose certain witnesses
>   d. inadequate witness examination
>   e. failure to admit exhibits into evidence
>   f. failure to present adequate evidence to the court
>   g. failure to prepare a proposed Property Settlement Agreement

3

h. [f]ailure to advise of a right to sue for battery, intentional infliction of emotional distress and statutory negligence.
i. failure to request temporary support

There are no issues of material fact as to when the above errors or omissions occurred for purposes of applying W.S. 1-3-107(a). Items a, b, and c all would have occurred before any trial, and potentially contributed to items d, e, and f. Failure to prepare, for example, may have resulted in failure to present evidence or to adequately cross examine. Items d, e[,] and f occurred at trial. Items g and i necessarily occurred before trial. Item h would have occurred before or when a complaint was filed, and could have been addressed by moving to amend the complaint before the evidence was closed… [Ms. Groff] does not point to any error or omission occurring after trial.[1]

[¶13] Relying on W.S. § 1-3-107(a), the district court found May 24, 2019, was "the latest potential date when any 'alleged act, error or omission occurred.'" Because Ms. Groff's malpractice action was not filed within two years of that date, the district court concluded the action was untimely. The parties stipulated to Appellees dismissing their counterclaim; the district court dismissed the counterclaim with prejudice. This appeal followed.

**STANDARD OF REVIEW**

[¶14] Summary judgment is governed by Wyoming Rule of Civil Procedure 56. Summary judgment decisions are reviewed by this Court de novo, giving no deference to the lower court's conclusions, and using the same materials and standards. *Sorensen v. Halling*, 2025 WY 8, ¶ 6, 561 P.3d 1241, 1244 (Wyo. 2025) (citing *Sellers v. Claudson*, 2024 WY 69, ¶ 10, 550 P.3d 559, 564–565 (Wyo. 2024)). The moving party has the burden to establish a prima facie case that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Kudar v. Morgan*, 2022 WY 159, ¶ 11, 521 P.3d 988, 992 (Wyo. 2022) (quoting *Woodward v. Valvoda*, 2021 WY 5, ¶¶ 12–13, 478 P.3d 1189, 1196 (Wyo. 2021)); *Leonhardt v. Big Horn Cnty. Sheriff's Off.*, 2024 WY 128, ¶ 16, 559 P.3d 1053, 1058 (Wyo. 2024). Summary judgment may be affirmed "on any

---

[1] In a footnote, the district court noted that while Ms. Groff suggested at the summary judgment motion hearing that Mr. Scoggin committed malpractice by failing to file an appeal after the divorce trial, Ms. Groff acknowledged she did not include this factual allegation in her "claimed errors or omissions." Similarly, while Ms. Groff's complaint alleged Mr. Scoggin and the Firm failed to mitigate damages after the Decree of Divorce and withdrew from the case before the time to correct errors in the Decree expired, the complaint is not evidence. As the party opposing summary judgment, Ms. Groff was required to come forth with competent evidence admissible at trial showing a genuine issue of material fact for trial and cannot rely only on the facts contained in her pleadings. *Action Snowmobile & RV, Inc. v. Most Wanted Performance, LLC*, 2018 WY 89, ¶ 14, 423 P.3d 317, 323, (Wyo. 2018). *Parker v. Haller*, 751 P.2d 372, 377 (Wyo. 1988).

4

basis in the record." *Sorenson*, ¶ 6, 561 P.3d at 1244 (citing *Loepp v. Ford*, 2024 WY 63, ¶ 24, 550 P.3d 96, 104 (Wyo. 2024)).

> If the movant meets his initial burden, the opposing party is obligated to respond with materials beyond the pleadings to show a genuine issue of material fact. A material fact is one that would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. We evaluate the record from the viewpoint most favorable to the party opposing the motion for summary judgment, giving that party all the favorable inferences which may be drawn from the facts contained in affidavits, depositions, and other materials appearing in the record.

*Kudar*, ¶ 11, 521 P.3d at 992 (citations and internal quotations omitted).

[¶15] Ordinarily, "whether an action is barred by the statute of limitations is a question of law that this Court reviews de novo." *Fairbanks v. Galbraith*, 2024 WY 36, ¶ 10, 545 P.3d 850, 853 (Wyo. 2024) (quoting *Boutelle v. Boutelle*, 2014 WY 147, ¶ 7, 337 P.3d 1148, 1151 (Wyo. 2014) (citations omitted)); *Hoke v. Motel 6 Jackson*, 2006 WY 38, ¶ 6, 131 P.3d 369, 373 (Wyo. 2006). However, when material facts are disputed, the application of a statute of limitations is a mixed question of fact and law. *Irene v. Seneca Ins. Co., Inc.*, 2014 WY 145, ¶ 22, 337 P.3d 483, 491 (Wyo. 2014).

[¶16] Summary judgment is ordinarily inappropriate when the issue before the trial court is "when the statute of limitations commences to run[.]" *Ballinger v. Thompson*, 2005 WY 101, ¶ 24, 118 P.3d 429, 437 (Wyo. 2005) (citation omitted). "[A]nalysis of a statute of limitation is case and fact specific." *Bankers Standard Ins. Co. v. JTec, Inc.,* 2025 WY 51, ¶ 46, —P.3d— (Wyo. 2025). If, however, facts are not disputed that provide a date a "reasonable person" was placed on notice, the question may be resolved as a matter of law. *Ballinger*, ¶ 24, 118 P.3d at 437.

## DISCUSSION

[¶17] Ms. Groff asks us to recognize that Mr. Scoggin and the Firm represented her until the district court allowed them to withdraw on July 17, 2019, or at least until the motion to withdraw was filed on July 12, 2019. We have no qualms with this assertion. Ms. Groff next asks us to conclude the statute of limitations did not begin to run until Mr. Scoggin and the Firm withdrew as her divorce attorneys because of the continuous representation rule. With this we disagree.

[¶18] Wyoming Statute § 1-3-107(a) provides the statute of limitations for professional services:

(a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:

    (i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

        (A) Not reasonably discoverable within a two (2) year period; or

        (B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

The statute applies to "causes of action arising from the rendering of services." *Falkenburg v. Laramie Inv. Co., Inc.*, 2023 WY 78, ¶ 13, 533 P.3d 511, 516 (Wyo. 2023) (quoting *Prokop v. Hockhalter*, 2006 WY 75, ¶ 13, 137 P.3d 131, 135 (Wyo. 2006)). This includes legal services. *Murphy v. Housel & Housel*, 955 P.2d 880, 883 (Wyo. 1998).

[¶19] In *Lucky Gate Ranch, L.L.C. v. Baker & Assoc.*, 2009 WY 69, ¶ 19, 208 P.3d 57, 65 (Wyo. 2009), we interpreted W.S. § 1-3-107 and stated: "It appears from a plain meaning of Wyo. Stat. Ann. § 1-3-107 that the time for filing suit is governed by the date when the 'act, error or omission' occurs, rather than the date when the cause of action accrues." In other words, the statute of limitations clock begins to tick when the "act, error or omission" occurs or is discovered, not when injury or damage results.

[¶20] We have reiterated and relied upon *Lucky Gate* in determining when the clock begins to run for professional malpractice actions:

> "[T]he time for filing suit is governed by the date when the 'act, error or omission' occurs, **rather than the date when the cause of action accrues**." *Lucky Gate*, ¶ 19, 208 P.3d at 65 (emphasis added). Under § 1-3-107, "the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. The act itself is regarded as the ground of the action[ ] and is not legally severable from its consequences." *Pioneer Homestead Apartments III v. Sargent Eng'rs, Inc.*, 2018 WY 80, ¶ 36, 421 P.3d 1074, 1083 (Wyo. 2018) (quoting *Lucky Gate*, ¶ 20, 208 P.3d at 65).

*Falkenburg*, ¶ 13, 533 P.3d at 516 (finding the statute of limitations began to run in an insurance malpractice action when the insurance policy went into effect, because this was the last professional act taken by the insurance company); *Adelizzi v. Stratton*, 2010 WY 148, ¶ 12, 243 P.3d 563, 566 (Wyo. 2010) (finding the district court correctly relied upon the language given in *Lucky Gate* in determining the statute of limitations began to run on

6

the date of the house purchase closing because that was the last act taken by the real estate agent in a real estate professional malpractice action).

[¶21]  We recently explained when more than one of the same or similar negligent acts, errors or omissions are alleged to have occurred in a professional malpractice action, "the limitation in § 1-3-107 attaches to the act, error, or omission that was 'a substantial factor in bringing about the plaintiffs' injuries.'" *Bankers*, ¶ 43, —P.3d— at —, quoting *Wood v. CRST Expedited, Inc.*, 2018 WY 62, ¶ 10, 419 P.3d 503, 507 (Wyo. 2018).  In *Bankers*, we concluded in answering a certified question that when an engineer allegedly "negligently designed a component part of an engineering plan, and when the engineer submitted several sets of plans, each containing the allegedly defective design, the statute of limitation in § 1-3-107 attaches to the design that was the legal cause of the alleged injuries." *Id.*, ¶ 47, —P.3d— at —.

[¶22]  We turn, then, to apply the statute of limitations to the facts of Ms. Groff's malpractice action.  Ms. Groff does not argue that Mr. Scoggin's and the Firm's alleged acts, errors or omissions were not immediately known to her, so there is no reason to decide when the alleged malpractice was discovered.  Rather, the question is whether Ms. Groff's complaint was filed "within two (2) years of the date of the alleged act, error or omission."

[¶23]  The last alleged "act, error or omission" presented to the district court on summary judgment occurred on May 24, 2019, when Mr. Scoggin and the Firm did not request a trial continuance on Ms. Groff's behalf.  Although Ms. Groff argues the statute of limitations should not begin to run until Mr. Scoggin moved to withdraw as counsel or was granted permission to withdraw,[2] she did not allege the withdrawal constituted an "act, error or omission."  In fact, Ms. Groff confirms on appeal that the last alleged act of malpractice occurred on the last day of the bench trial, May 24, 2019, making this the last conceivable date the statute of limitations in § 1-3-107(a) could attach.[3]  Because she did not file her complaint within two years of that date, her complaint was untimely.

[¶24]  Both parties ask us to answer whether this Court recognizes the "continuous representation" doctrine in legal malpractice actions, which "is analogous to the continuous treatment doctrine we have applied in medical malpractice cases." *Ballinger*, ¶ 27, 118 P.3d at 437.  This question has been posed to us several times before. *Id.*; *Connell v. Barrett*, 949 P.2d 871, 874 (Wyo. 1997); *Hiltz v. Robert W. Horn P.C.*, 910 P.2d 566, 571 (Wyo. 1996).  We have consistently declined to adopt the continuous representation

---

[2] The date the motion to withdraw was filed and the date the order to withdraw was granted both occurred within two years of the complaint being filed.  If either date started the statute of limitations clock, the complaint would be timely filed.  Consequently, it is unnecessary to consider a significance in the two dates.

[3] Appellant's brief includes a list of factual events, and includes in the list "Last day of trial (last alleged legal malpractice)."

doctrine. *Ballinger*, ¶ 27, 118 P.3d at 437; *Connell*, 949 P.2d 871, 874; *Hiltz*, 910 P.2d 566, 571. We do so again here.

## CONCLUSION

[¶25] Legal malpractice actions must be brought within two years of a lawyer's "act, error or omission" or discovery of its occurrence, pursuant to the unambiguous language given in W.S. § 1-3-107(a). The last alleged "act, error or omission" in this case occurred on May 24, 2019, more than two years before Ms. Groff filed her malpractice action. As a result, her malpractice action is time barred and the district court correctly granted summary judgment in favor of Mr. Scoggin and the Firm. Affirmed.